### CORSON *v.* CORSON.

In a libel for divorce the husband is not a competent witness to prove non-access.

THIS is a libel for divorce, and the facts sufficiently appear in the opinion of the court.

*Jordan & Rollins*, for the libelant.

BELLOWS, J. In this case the libelant seeks to establish the adultery of the wife by proving the birth of a child and the non-access of the husband; and to make out the latter he relies mainly if not altogether upon his own testimony. The question therefore is, whether, for that purpose, he is a competent witness?

The rule which excludes a husband or wife in both civil and criminal cases, where the other is a party, is founded partly on the identity of interests, and partly on principles of public policy, which lie at the basis of civil society; 1 Greenl. Ev., sec. 334; *Kelly* v. *Proctor*, 42 N. H. 139; and as held in that case the removal of the

objection arising from the identity of interest, will not render them competent. So, too, it is now well settled that in filiation and settlement cases the wife is not competent to prove the non-access of the husband; and this also is founded upon broad and wise principles of public policy. *King* v. *Reading,* Hardw. Cases 79; *Rex* v. *Rook,* 1 Wils. 340; *Goodwright* v. *Man,* Cowp. 594; *Rex* v. *Luffe,* 8 East 103; *Rex* v. *Rea,* 11 East 132; where it was held that in Rex *v.* Luffe it was not intended to decide that the wife was competent to testify at all to the non-access; *Ratcliffe* v. *Wales,* 1 Hill. 65; *Dickerman* v. *Graves,* 6 Cush. 308; 1 Greenl. Ev., sec. 344, citing *Cope* v. *Cope,* 1 M. & Rob. 269, and *Commonwealth* v. *Shepard,* 6 Binn. 283; 1 Cow. Phill. Ev. 87, and 2 Cow. Phill. Ev., note 153; 4 Stark. Ev. 223, 713; *People* v. *Ontario,* 15 Barb.'s 286; *Dennison* v. *Page,* 29 Penn. 420, *Page* v. *Dennison,* 1 Grant's Cases (Penn.) 377; where it is held that the non-access can not be proved by either husband or wife in any cause; whether to recover property as heir at law, or in a bastardy or settlement case. The case of *Parker* v. *Way,* 15 N. H. 49, is also in point.

The exclusion, then, seems to be well established, independent of any question of interest, and upon the broad ground that it is against public policy that either husband or wife should be admissible to prove the want of access, and thus bastardize their issue. And we think that the principle applies with equal force to the case of a libel for divorce, where the wife is directly interested; whereas in a suit by the heir at law, and in bastardy and settlement cases, after the death of the husband she has no interest, and yet is held incompetent to testify; *Page* v. *Dennison,* 1 Grant's Ca. (Penn.) 377, and *Rex* v. *Rea,* 11 East 132, where it was held that she could not testify to the want of access after the husband's death.

There are cases where the wife has been allowed to testify from necessity, but it is expressly held in the cases cited that the proof of non-access is not within this exception.

We are, therefore, of the opinion that the husband is not a competent witness to prove the want of access in this proceeding. See *Dwilley* v. *Dwilley,* 46 Me. 577.

It is true that in cases of divorce, where the questions of fact are tried by the court, the evidence of the parties is constantly received; but not upon any ground that obviates the objection to the proof of non-access by them, which, as we have seen, rests upon views of decency, morality and public policy.

If the legislature should deem it wise to change the rule in its application to this class of cases, it can doubtless be done; but the rule we think is too well established to be overturned by the court.