### PAUL TURNER v. THE STATE.

No. 5311. Decided February 19, 1919.

**1.—Wife Desertion—Complaint—Pleading.**

Where, upon trial of wife desertion, the complaint followed the language of the statute, and alleged that defendant deserted his wife, the objection that it did not allege that he was a married man is untenable.

**2.—Same—Bills of Exception—Practice on Appeal.**

In the absence of a statement of facts and bills of exception, objections to the charge of the court and a refusal to give requested charges, can not be considered on appeal.

**3.—Same—Words and Phrases.**

The words, justification, destitute and necessitous are words of common use, and do not require any definition in the court's charge.

**4.—Same—Argument of Counsel—Evidence—Practice on Appeal.**

In the absence of a statement of facts and bills of exception, objections to argument of counsel and the introduction of evidence, can not be considered on appeal.

Appeal from the County Court of Travis. Tried below before the Hon. D. J. Pickle.

Appeal from a conviction of wife desertion; penalty, a fine of four hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was charged in the County Court of Travis County with the offense of wife desertion, upon which trial he was convicted and his punishment fixed at a fine of $400.

The case is before us without statement of facts or bills of exception. We have examined the complaint and think the same is not open to the objection raised thereto by the appellant upon the ground that it did not allege that the appellant was a married man. We think the complaint follows the language of the statute and in alleging that the appellant deserted his "wife, Ruth May Turner," that is sufficient allegation that he is married.

The appellant asks several special charges the relevancy of which do not appear to this court in the absence of a statement of facts.

There were no exceptions taken to the charge of the court, or if so, none appear in the record.

The appellant asked the court below to give the definition of some words used in the statute and in the charge, towit: "Justification, destitute and necessitous." These are words of common use and acceptation and we do not think require any explanation or definition.

The only other matters complained of in the motion for new trial relate to matters of evidence and what occurred on the trial of the case, and in the absence of a statement of facts we can not consider same.

Complaint is made of some language used by the prosecuting attorney in his argument to the jury, but there nowhere appears in the record any bill of exceptions thereto or written request that the jury do not consider same.

There being no error apparent from the record the judgment of the court below is affirmed.

*Affirmed.*