FRANK HICKS v. THE STATE.

No. 8181.   Decided May 28, 1924.

Rehearing denied June 18, 1924.

**1.—Deserting Child—Evidence—Illegitimacy of Child.**

Where, upon trial of desertion of a child, it was admitted that the date of conception was necessarily at a time prior to the marriage, there was no error in excluding testimony offered by the defendant that he had known his wife and had gone with her for only about two months before their marriage; that he had never had any act of intercourse with her prior to their marriage, and that he was not the father of said child.

**2.—Same—Rule Stated—Legitimacy of Child—Legal Presumption.**

When a woman gives birth to a fully developed child so soon after marriage as to render it certain that it was begotten before marriage, the legal presumption is that it was begotten by him who became her husband, until such presumption is overcome by some competent evidence to the contrary. Following: McCulloch v. McCulloch, 69 Texas 682.

**3.—Same—Legitimacy—Presumption—Rule Stated.**

Thus, it will be seen that the same presumption of law as to legitimacy attaches to a child born after wedlock though conceived prior thereto, as does to one conceived and born during wedlock.

**4.—Same—Statutes Construed—Common Law—Rule of Evidence.**

Where appellant frankly conceded the rule as above stated, his contention that the Legislature abrogated the common law rule of evidence relative to the matter in a provision of the law upon wife and child desertion known as article 640c P. C., is unsound. Distinguishing: Beaver v. State. 256 S. W. Rep., 929. This statute did not change the common law rule so as to permit either the husband or wife to testify that the child was illegitimate.

**5.—Same—Name of Child—Indictment—Grand Jury—Diligence.**

Where the indictment averred that the christian name of the child alleged to have been deserted was to the grand jurors unknown, and the record showed that the child was only three days old, and is not shown to have had a christian name, no want of diligence on the part of the grand jury to find out the name is revealed, and there is no error.

**6.—Same—Paternity of Child—Charge of Court.**

Where the paternity of the child could not be attacked by appellant either by his direct evidence or through his declarations relative thereto, and in the absence of any competent evidence upon this point, there was no error in the court's charge instructing the jury if the child was born after

the marriage of its mother to appellant, that in law, the latter was the parent and father of said child.

**7.—Same—Charge of Court—Words and Phrases.**

It was not necessary for the court to define what was meant by the terms "destitute" and "necessitous circumstances," as these words are of common use and meaning, and do not require explanation. Following: Turner v. State, 84 Texas Crim. Rep., 605.

**8.—Same—Rehearing—Legitimacy of Child—Common Law.**

By virtue of the statutes adopting the common law rule of evidence, the inhibition against such impeachment of legitimacy is a part of the law of this state, and the rule must prevail until it is abrogated by proper legislation.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of child desertion; penalty, a fine of $500.00 and confinement in the county jail for one year.

The opinion states the case.

*Baskett & DeLee,* for appellant.—On question of legitimacy of child: Tucker v. State, 71 Alabama, 342; State v. Neill, 6 Alabama, 685; Rex v. Sergeant, Ryan and Moody, 352, 21 English Common Law, 453, and cases cited in opinion.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, and *Shelby S. Cox,* District Attorney, for the State. —Cited: Simon v. State, 31 Texas Crim. Rep., 186; Foote v. State, 65 id., 368; Meggison v. Meggison, 21 Oregon, 387.

HAWKINS, JUDGE.—Appellant is under conviction for deserting his infant child, with punishment assessed at a fine of $500 and imprisonment in the county jail for one year.

The child was only three days old. The facts show an aggravated case of desertion and justify the extreme penalty inflicted and the judgment should be affirmed, if no errors were committed calling for a reversal.

It is admitted that the child was born in July, and that the marriage between its mother and appellant occurred in March preceding. The child was normal and fully developed, showing that conception had occurred at the ordinary time preceding birth, the date of conception necessarily being at a time prior to the marriage. During the trial appellant offered to testify that he had known his wife and had gone with her for only about three months before their marriage; that he had never had any acts of intercourse with her prior to their marriage; that he was not the father of said child.

The evidence was excluded, the exception reserved. Was the court in error in this ruling. This is the main question.

When a woman gives birth to a fully developed child so soon after marriage as to render it certain that it was begotten before marriage the legal presumption is that it was begotten by him who became her husband until such presumption is overcome by some competent evidence to the contrary. This was announced by our Supreme Court in McCullouch v. McCullouch, 69 Texas, 682. To the same effect is Wallace v. Wallace, (Iowa) 14 L. R. A. 544 (New Series); Ruling Case Law, Vol. 3, Sec. 10, page 730; Dennison v. Page, 29 Pa. 420, 72 Am. Dec. 644. Thus it will be seen that the same presumption of law as to legitimacy attaches to a child born after wedlock though conceived prior thereto as does to one conceived and born during wedlock, subject perhaps to the rule that less evidence would be found necessary to overcome the presumption in the first instance. The law being the same in each class of cases, was it permissible for appellant to give evidence denying the paternity of the child? Mr. Wharton, Vol. 1, Sec. 518, (10th Ed.) states the rule to be:

"The lips of parents, as a rule, are sealed on the questions of sexual intercourse so far as such testimony would go to assail the legitimacy of children. Whether there was such intercourse cannot be inquired of either the father or mother, either directly or by aid of circumstances from which the result could be inferred."

To the same effect see Underhill, § 799, (3a Ed.); Greenleaf, Vol. 2, paragraph 151 (7th Ed.); Simon v. State, 31 Texas Crim. Rep., 186, 20 S. W. 399; Foote v. State, 65 Texas Crim. Rep., 368, 144 S. W. 275; Goss v. Froman (Ky.), 8 L. R. A. 102, under which are notes collating many authorities. In Wallace v. Wallace (supra) it is said:

"Precisely the same rules of evidence obtain in such (prenuptial pregnancy) as when it is sought to prove that a child conceived during wedlock is not the offspring of the husband. Born in wedlock, the presumption of the legitimacy of the child obtains, even though this happen so soon after marriage as to render it certain that it was the result of coition prior thereto. . . . The rule, as we think, is founded on sound public policy, and being in accord with the current of authority should be adhered to. Declarations, as well as the evidence of either husband or wife as to access as nonaccess, are excluded whenever the issue of legitimacy is involved; and this includes cases of antenuptial conception."

The great weight of authority is with the rule as stated. Appellant frankly concedes this in his brief, and practically admits that the proffered evidence was properly excluded unless his contention is sound that the legislature abrogated the common law rule of evidence relative to the matter in a provision of the law upon wife and child desertion. Article 640c, P. C. reads:

"No other or greater evidence to prove the marriage of such husband and wife, or that the defendant is the father or mother of such child or children, shall be required than is or shall be required to

prove such facts as in a civil action. In no prosecution under this Act shall any existing statute prohibiting disclosures of confidential communications between husband and wife apply, to strictly relevant facts and both husband and wife shall be competent and compellable witnesses to testify against each other to any and all relevant matters, including the fact of such marriage, and the parentage of such child or children.''

Appellant takes the position that the statute in question has the effect of modifying the rule and permitting him to give the excluded testimony. In this we are of opinion he is mistaken. The case of Beaver v. State, 256 S. W. 929 to which he refers does not strengthen his position. In that case we were dealing with an alleged desertion of a child conceived and born out of wedlock, unquestionably of illegitimate birth, and to whom there attached no presumption of law as to legitimacy. Here it is different; the law does presume that the child in the instant case is legitimate, being born in wedlock; a rebuttable presumption it is true, to be overcome not by the word of either parent but by evidence aside from them or their declarations. The first sentence in Article 640c (supra) we think clearly shows it was not the intention of the Legislature to change the rule of evidence relative to establishing parentage of children alleged to have been deserted. It expressly says no other or greater evidence shall be required to prove that a defendant is the father or mother than would be necessary to establish that fact in a civil action. In a civil action, where the evidence shows the child to have been born after marriage the law presumes the husband of the woman bearing the child to be its father. So in this case the proof and presumption meet such requirements. Then what did the Legislature have in mind when it wrote into the second sentence in said article the exemption relative to ''confidential communications,'' and permitting either the husband or wife to be used as witnsses ''against'' each other? To our minds it was not intended to, and did not, change the common-law rule so as to permit either the husband or wife to testify that the child was illegitimate, which would be incompetent evidence under such rule, but that the Legislature realized that evidence might be available which would be perfectly competent under the general rules of evidence but be barred from use by the provisions of Articles 794 of our Code of Criminal Procedure which inhibits proof as to confidential communications between husband and wife, and of Article 795, C. C. P. which prevents either spouse from testifying ''against'' the other, and that Article 640c (supra) was only intended to make inapplicable the provisions of said articles 794 and 795 in prosecutions for wife or child desertion.

The indictment avers that the christian name of the child alleged to have been deserted was to the grand jurors unknown. Appellant urges that the evidence upon the trial was not sufficient to

show proper diligence by the grand jury to ascertain the christian name of the infant. We have examined the statement of facts upon this point and are not in accord with appellant's contention. The child was only three days old. It is not shown it had a christian name at all. That the grand jury may have failed to ask either the father or mother the name of the child we would not regard as an indication of negligence on the part of the grand jury. The evidence discloses that both father and mother were under arrest upon this desertion charge. In good faith an inquiry could scarcely have been made of them relative to the matter.

The court instructed the jury if the child was born after the marriage of its mother to appellant that in law appellant was the parent and father of said child. Exception was reserved to this clause of the charge. It is argued that the presumption being rebuttable the charge given was erroneous in not so informing the jury. If there had been any competent evidence before the jury which might be considered as overcoming the presumption of law as to the legitimacy of the child the criticism of the charge would be well taken, but as we understand the facts this is not the case. The paternity of the child could not be attacked by appellant, either by his direct evidence or through his declarations relative thereto, and in the absence of any competent evidence upon the point under discussion we do not believe the charge in the instant case would call for a reversal.

It was not necessary for the court to define what was meant by the term "destitute and necessitous circumstances." It has been expressly held by this court that these are words of common use and meaning and do not ordinarily require any explanation or definition. Turner v. State, 84 Texas Crim. Rep., 605, 209 S. W. 406.

Finding no error in the record which would demand a reversal, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1924.

MORROW, Presiding Judge.—Article 640c of the Penal Code contains this language:

". . . In no prosecution under this Act shall any existing statute prohibiting disclosures of confidential communications between husband and wife apply, to strictly relevant facts and both husband and wife shall be competent and compellable witnesses to testify against each other to any and all relevant matters, including the fact of such marriage, and the parentage of such child or children."

In Article 794 and 795 of the C. C. P., there were some modifications of this rule by statute. The common law rule, however, except in so far as modified by statutory enactments of this State, has been

made by Act of the Legislature a part of the law of this State. See R. S., Art. 3687; also Art. 5492, R. S. Whether the language in the article quoted (640c) is intended to change the common-law rule which declares that each spouse is incompetent to impeach the legitimacy of children born during wedlock is a matter upon which the appellant in his brief and motion for rehearing has displayed much research and ingenuity. It is one upon which it cannot be denied that a plausible argument can be made on either side. Inasmuch, however, as by virtue of the statute adopting the common law rule of evidence (Art. 3687), the inhibition against such impeachment of legitimacy is a part of the law of this State, it is believed that in the absence of some definite declaration by the Legislature which expressly or by necessary implication abrogates the rule, it must prevail. Such is the principle which has controlled this court in its original opinion, and upon the same consideration we are constrained to overrule the motion for rehearing.

*Overruled.*

[Rehearing denied June 18, 1924.]