**MOORE et al. v. MOORE.  (No. 570.)**

Court of Civil Appeals of Texas.  Waco.
Oct. 13, 1927.

**1. Bastards ⬡⇒3—Child born in lawful wedlock is presumed legitimate.**

A child born in lawful wedlock is presumed to be legitimate, and such presumption is not destroyed by antenuptial conception.

**2. Bastards ⬡⇒3—Presumption that husband was father of son born after marriage while parents were living together could be overcome only by competent evidence.**

Where child was born after marriage of mother and alleged father, and while they were living together as husband and wife, law presumed that alleged father was child's father, and presumption could be overcome only by competent evidence.

**3. Bastards ⬡⇒5—Neither declarations of husband nor wife can be received to assail legitimacy of child born during wedlock.**

Neither declarations of husband nor wife can be received in evidence for purpose of assailing legitimacy of child born during wedlock.

**4. Bastards ⬡⇒5—Where issue of legitimacy of child involves question of heirship, bad reputation of mother for chastity is not admissible.**

Where issue of legitimacy of child involves merely question of heirship, as well as in bastardy cases, bad reputation of mother for chastity is not admissible.

**5. Bastards ⬡⇒5—Opinion of witness that alleged father was fond of son held properly admitted in case in which legitimacy of son was raised on question of heirship.**

In case in which issue of legitimacy was raised on question of heirship, opinion of witness that alleged father seemed to be fond of son was properly admitted, since, where opinion or conclusion offered is mere shorthand rendering of facts, same can be given in evidence, subject to cross-examination as to facts on which it is based.

**6. Trial ⬡⇒194(2)—Instruction that preponderance of evidence does not necessarily mean greater number of witnesses, but that character of evidence more worthy of belief, held properly refused as on weight of evidence.**

Instruction, "You are instructed in connection with the main charge that by preponderance of the evidence it does not necessarily mean a greater number of witnesses, but that character of evidence more worthy of belief," *held* properly refused as charge on weight of evidence.

Appeal from District Court, Hill County; Walter L. Wray, Judge.

Suit by Theodore Moore, by B. A. Goodloe, his next friend, against Lon Moore and others.  From the judgment, defendants appeal.  Affirmed.

J. T. Spencer, of Waxahachie, for appellants.

J. E. Clarke, of Hillsboro, for appellee.

GALLAGHER, C. J.  Appellee, Theodore Moore, by B. A. Goodloe, his next friend, instituted this suit against appellants Lon Moore, Floyd Moore, Clint Moore, Homer Moore, and Joe Suddath, to recover an undivided one-fifth interest in three certain tracts of land and for partition thereof.  Appellee sued as the only child of Sue Moore, deceased, and grandchild and heir of William Moore and his wife, Mary Moore, both deceased.  He admitted that Lon, Floyd, Clint, and Homer Moore were children and heirs of said William and Mary Moore, and that they owned jointly the other four-fifths interest in said land.  Mary and William Moore were negroes.  Appellee alleged that Joe Suddath claimed some interest in one of the tracts of land involved by reason of some character of lien thereon.  Appellants denied that appellee, Theodore Moore, was the son of Sue Moore, deceased, that he was an heir of William and Mary Moore, and that he had any interest in the lands sued for.  Suddath alleged that Lon Moore, Floyd Moore, Clint Moore, and Homer Moore were indebted to him in the sum of $3,300, and that they had given him a lien to secure same on one of the tracts of land involved in this suit and described as 65½ acres out of the Cabler survey in Navarro county.  He prayed that his lien be established on said entire tract of land superior to any claim of appellee in or to any part thereof.

The case was tried before a jury, and submitted on a single issue as follows:

"Is Theodore Moore, the plaintiff in this case, the son of Sue Moore, deceased?"

The jury answered said issue "Yes."  Appellants filed no objection to the charge of the court, and did not request the submission of any other issue.  The court found, in accordance with the verdict of the jury and the evidence adduced, that appellee, Theodore Moore, is the son of Sue Moore and his wife, Lela Moore; that they both died intestate, and while said William and Mary Moore were both living; that appellee is the sole lineal descendant of said Sue Moore; that both William and Mary Moore are dead, and that both died intestate; that appellee and appellants Lon, Floyd, Clint, and Homer Moore are the only heirs at law of said William and Mary Moore, and that they are equally interested in their estate; that said William and Mary Moore owned in fee simple the several tracts of land involved in this suit; that all the same were community property and susceptible of partition in kind.  On such verdict and findings the court rendered judgment in favor of appellee against

appellants Lon, Floyd, Clint, and Homer Moore for an undivided one-fifth interest in said several tracts of land, ordered the same partitioned in kind, and appointed commissioners to effect such partition. The court also established the debt of appellant Suddath and his lien to secure the same on the interest of said Lon, Floyd, Clint, and Homer Moore in and to said 65½-acre tract. Said judgment is here presented for review by appellants.

### Opinion.

[1, 2] Appellants in several propositions presented as ground for reversal complain of the action of the court in excluding testimony that Sue Moore, after the birth of appellee, stated that he was made to marry Lela Fields, mother of appellee, and that he was not his father. Appellants offered to prove similar declarations by several witnesses. The undisputed testimony showed that Sue Moore and said Lela Fields were married September 8, 1905, and that appellee was born 5 months and 13 days after their marriage. Appellee introduced testimony tending to show that the pregnancy of Lela Fields was visible at the time of her marriage to Sue Moore; that Sue Moore came to her father, stated her condition, and that he was responsible therefor, and asked permission to marry her; that her father consented, and the marriage took place; that they lived together in her father's home until appellee was born; that Sue Moore then went to Cleburne and secured a job, and wrote to his father-in-law to send his wife to him, and that he did so; that Sue Moore came back from Cleburne sick, and was taken to the home of his parents, and died in 3 or 4 days after his return; that his wife, Lela Moore, stayed at her father's during this time, but that she went to and fro, and waited on her said husband while he was sick; that Sue Moore, after the birth of appellee, acknowledged him to be his son, and treated him with evidences of affection. Various objections were urged by appellee to the testimony so offered and excluded. We need not consider such objections in detail. A child born in lawful wedlock is presumed to be legitimate, and such presumption is not destroyed by antenuptial conception. Since appellee was born after the marriage of Sue Moore and appellee's mother, and while they were living together as husband and wife, the law presumes that Sue Moore was his father, and this presumption can be overcome only by competent evidence. McCulloch v. McCulloch, 69 Tex. 682 et seq., 7 S. W. 593, 5 Am. St. Rep. 96; Pinkard v. Pinkard (Tex. Civ. App.) 252 S. W. 265, 266, and authorities there cited; Hicks v. State, 97 Tex. Cr. R. 629, 263 S. W. 291, 292, and authorities there cited.

[3, 4] The rule is firmly established that the declarations of neither the husband nor wife can be received in evidence for the purpose of assailing the legitimacy of a child born during wedlock. Pinkard v. Pinkard, supra, page 268, and authorities there cited; Hicks v. State, supra, page 292 (97 Tex. Cr. R. 631) and authorities there cited; Simon v. State, 31 Tex. Cr. R. 186, 20 S. W. 399, 716, 37 Am. St. Rep. 802. All said propositions are overruled.

Appellants, by an appropriate proposition, complain of the action of the court in refusing to permit them to prove that the reputation of appellee's mother for virtue and chastity was bad. The question by which said testimony was sought to be elicited was general, and wholly unlimited as to time. Such reputation may have had its origin in the fact that she was admittedly pregnant at the time of her marriage. The rule in bastardy cases, where the putative father is sought to be charged with the support of the child, is well established that testimony of the bad reputation of the mother for chastity is not admissible. 2 Jones Com. on Evidence, p. 1226, § 659, and cases cited in support thereof. We think the same rule applicable where an issue of legitimacy involves merely a question of heirship, as in this case. See in this connection 1 Wigmore on Evidence, p. 364, § 134. Said proposition is overruled.

[5] Appellants by an appropriate proposition complain of the action of the court in permitting the introduction of testimony that Sue Moore seemed to be fond of appellee. The only objection urged was that such testimony was merely the opinion or conclusion of the witness. It is not every opinion or conclusion of the ordinary witness which ought to be excluded. Where the opinion or conclusion offered is a mere shorthand rendering of the facts, the same can be given in evidence, subject to cross-examination as to the facts on which it is based. Magee v. Paul, 110 Tex. 470, 481, 221 S. W. 254; Id. (Tex. Civ. App.) 159 S. W. 325; Freeman v. Grashel (Tex. Civ. App.) 145 S. W. 695, 696 (writ refused); M., K. & T. Ry. Co. v. Steele, 50 Tex. Civ. App. 634, 110 S. W. 171, 174 (writ refused); M., K. & T. Ry. Co. v. Gilcrease (Tex. Civ. App.) 187 S. W. 714, 715, 716 (writ refused). The testimony under consideration was admissible, and said proposition is overruled.

[6] The court charged the jury that the burden of proof was on appellee to establish by a preponderance of the evidence the allegations of his petition. Appellants requested the following special charge:

"You are instructed in connection with the main charge that by a preponderance of the evidence it does not necessarily mean a greater number of witnesses, but that character of evidence more worthy of belief."

Said special charge was refused, and such refusal is presented as ground for reversal.

(299 S.W.)

It has been held in this state that the court may define "preponderance of the evidence" as meaning the greater weight of evidence. Western Union Telegraph Co. v. James, 31 Tex. Civ. App. 503, 73 S. W. 79, 82 (writ refused); Mutual Reserve Life Ins. Co. v. Jay, 50 Tex. Civ. App. 165, 109 S. W. 1116, 1120 (writ refused). A charge instructing the jury that "the burden of proof is upon the plaintiff to establish his case by a preponderance of the evidence, but you are the sole judges of the credibility of the witnesses and the weight to be given to the testimony," has also been approved. G., H. & S. A. Ry. Co. v. Williams, 26 Tex. Civ: App. 153, 62 S. W. 808, 810 (writ refused). We have found no case where any further attempt to define "preponderance of the evidence" or to limit the application of the same has been expressly approved. We think the special charge under consideration was on the weight of the evidence, and we are sustained in this conclusion by the following authorities. Dallas Cotton Mills v. Ashley (Tex. Civ. App.) 63 S. W. 160, 161; St. L. S. W. Ry. Co. v. Smith (Tex. Civ. App.) 63 S. W. 1064, 1065; Wells Fargo & Co. Express v. Gentry (Tex. Civ. App.) 154 S. W. 363, 364.

The judgment of the trial court is affirmed.