## M. A. LAMBERT V. THE STATE.

No. 15763.  Delivered April 12, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 460.

The opinion states the case.

*C. F. Cusack,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is child desertion as defined by article 602, P. C., 1925; penalty assessed at confinement in the penitentiary for a period of eighteen months.

The indictment charges that the appellant was the father of Jewell Lola Lambert. The date of the offense is alleged as the first day of August, 1932.

According to the testimony, as understood, Christine Lambert and the appellant became husband and wife in September, 1931, and separated on the 7th day of the same month. Appellant filed suit for a divorce and his wife signed a waiver. The divorce decree was rendered in October, 1931. A child was

born eight months and nineteen days after the separation. At the time of the trial, the mother and child were living with a sister of the appellant, namely, Mrs. Johnson, and her husband. It seems that the hospital expenses were paid by Johnson after appellant promised to refund the money. After paying Johnson the first installment of five dollars the prosecution began and payment ceased.

Appellant claimed that he had no knowledge that a child was expected until he was informed by his sister in December, 1932. The appellant's net income from wages, after paying for the expense of a car (which was used in his business), was $38.00 per month.

The evidence of the nonsupport of the child was quite sufficient to support the verdict.

There are two bills of exception. From bill No. 1, it appears that, while examining the jury panel, it was sought to inform each member of the panel that the law presumed the child to be legitimate, and that if appellant endeavored to rebut the presumption, whether the juror would be prejudiced against the appellant. The refusal to permit this inquiry was made the subject of exception, the appellant claiming in substance that he was entitled under the present law to such defense, and in order to obtain his constitutional guarantee of an impartial jury, was entitled to ascertain the attitude of the prospective jury under such circumstances so as to properly and intelligently exercise his right of challenge. In approving the bill, the court qualified it with the following statement: "I advised counsel that I would not permit him to go into the question of whether the defendant was the child's father or in other words to question its legitimacy if the child was born during the period of wedlock of the defendant and the child's mother. Counsel admitted that it was born within wedlock."

Bill No. 2 complains that after impaneling the jury and before the testimony was introduced, counsel for the appellant was informed by the court that appellant would not be allowed to attack the legitimacy of the child and for them not to go into that phase of the case. Objection was reserved to this restriction upon what appellant conceived to be his rights. As the statute is understood, the appellant would not have been a competent witness upon the issue of the legitimacy of the child. In neither of the bills of exception is it shown that any witness was available to the appellant or that he would offer any witnesses on the issue in question. The court qualified the bill with the following statement: "The Court refused to allow the defendant to go into the legitimacy of the child if born in

the course of wedlock. Counsel declared that it was so born."

The bills of exception are regarded as inadequate to warrant a reversal of the judgment for the reason that in each of them there is a failure to show by any kind of an averment that the appellant was in a position to offer legitimate testimony tending to show that he was not the father of the child. The child was born in wedlock, and the presumption that the accused was its father would prevail in the absence of lawful testimony to the contrary. The incompetency of the husband, by his testimony, to prove that the child of his wife born in wedlock was illegitimate, is definitely declared in the opinions of this court upon the citation of many authorities. See Hicks v. State, 97 Texas Crim. Rep., 629, 263 S. W., 291. The inhibition mentioned is embraced in article 640c, Vernon's Ann. Tex. P. C., 1916, vol. 1, now article 605, P. C. See, also, article 714, C. C. P., 1925, formerly article 794, C. C. P. The fact that the appellant was not a competent witness upon the issue presented and the bills of exception failing to show that there was available any competent witness upon the subject, this court has no choice other than to give effect to the decision of the trial judge.

The evidence is deemed sufficient to sustain the conviction. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In each case cited by appellant in his motion for rehearing, the matter about which complaint is made, that he was not allowed to interrogate the jury panel on their voir dire, was something pertinent to some issue from which, or by reason of which, there might come injury as a result of his being deprived of valuable information, but when the matter about which he so sought to ask them is stated in the record, and it appears clearly one about which no legitimate issue could be made on the trial, or from refusal to permit which no injury could result, we are still unable to see how he could predicate injury upon the court's action in this case in refusing to allow appellant to ask the jury if prejudice existed in their minds against a man who defended, in a child desertion case, on the ground that the child was not his.

The motion for rehearing will be overruled.

*Overruled.*