## GONZALEZ v. GONZALEZ.

### No. 4353.

Court of Civil Appeals of Texas. El Paso.

Nov. 18, 1943.

David E. Hume, of Eagle Pass, for appellant.

No counsel for appellee.

McGILL, Special Commissioner.

Appellant prosecutes this appeal from a judgment of the District Court of Maverick County, denying him a divorce from appellee. As the sole ground for divorce his petition alleged: "5. About November 30, 1941, defendant, at or near Merrill, Michigan, committed adultery with some person by name unknown to plaintiff." The judgment recites that the court "is wholly unsatisfied with the sufficiency of plaintiff's evidence to establish the allegations in his petition made, and finds as a fact that no ground exists upon which a decree of divorce would be authorized." Appellee made no appearance in the trial court and has filed no brief in this court. Trial was to the court without a jury, and at the request of appellant the court filed findings of fact and conclusions of law, from which we reproduce the following:

"I Find That:

"* * * * * *

"2. Plaintiff was married to the defendant, Josefa Carillo Gonzalez, on the 29th day of January, 1938, at Eagle Pass, Texas,

and that subsequent to said marriage three children have been born to the said Josefa Carillo Gonzalez, to-wit: Arturo, a boy four years of age; Eulalio, a boy two years of age, both of whom are in the present custody of the plaintiff; and from the evidence, another child, whose name and sex are not made to appear and who is neither mentioned nor referred to in plaintiff's petition herein, was born about ten months subsequent to October 27, 1941.

"3. That according to the pleadings, and as testified to by the plaintiff, he had not lived with his wife since October 27, 1941, but that about ten months subsequent to that date his wife gave birth to a child, which child is neither named nor classified as to sex either in the pleading or testimony.

"4. D. E. Hume, attorney for plaintiff, testified that on the occasion of service of process upon the defendant in this cause she stated that she had given birth to a child, the father of whom was some one other than her husband, and that she had related the same story at his house.

"I Conclude That:

"1. The only ground for divorce stated or alleged in plaintiff's petition is the following: (same as quoted above,) which allegation is sought to be established, indirectly by the plaintiff's testimony, that he had not lived with his wife since October 27, 1941, and, inferentially, therefore, the child alleged to have been born approximately ten months thereafter was not the child of himself and his wife, thus, also inferentially, attempting to prove defendant's alleged adultery, impliedly and indirectly in this manner denying the paternity of a child born to his wife during wedlock with himself. Inasmuch as paternity can not be denied, the alleged act of adultery can not thus be indirectly established, and there was therefore no relevant admissible testimony before the court to establish the allegations made in plaintiff's petition.

"2. Inasmuch as plaintiff's petition names two children only, as born to the plaintiff and defendant during their marriage, and the evidence having established the fact that a third child was born to the defendant during the existence of the marriage relationship between the parties, plaintiff's petition is, in itself, insufficient, under the statute as amended, to authorize the hearing and determination of this cause.

"3. From the foregoing I conclude that the evidence introduced is wholly unsatisfactory to establish the ground alleged in the petition for a divorce, and that the petition and prayer for divorce should be and it was in all things refused and denied."

The appeal is predicated on two grounds: (1) The court's error in holding incompetent the declarations of appellee to effect that more than ten months after opportunity of access of appellant to her, she bore a child by another man; (2) error in the holding that such child need be named in the petition.

It is questionable whether the first point finds sufficient support in the record to warrant its consideration. There is no evidence that appellee ever stated or told anyone that she had given birth to a child more than ten months after opportunity of access of appellant to her. The evidence goes no further than that she told appellant's attorney and the deputy sheriff that "she had given birth to a child, the father of whom was some one other than her husband." It was appellant who testified that the birth occurred "ten months" after he had last been with her. Furthermore, the court's conclusions of law do not specifically hold that her alleged declaration is not competent to prove the act of adultery alleged. The evidence specifically referred to in the conclusions is appellant's testimony to effect that he had not lived with appellee since October 27, 1941, and the inference therefrom that the child alleged to have been born approximately ten months thereafter was not the child of himself and his wife, from which the alleged act of adultery might also be inferred. But from the language, "there was therefore no relevant admissible testimony before the court to establish the allegations made in plaintiff's petition," it might be inferred that the court regarded such declaration inadmissible and incompetent, rather than that such declaration, if made, or the testimony of appellant's attorney that it was made, as "wholly unsatisfactory." We shall therefore consider the point. Also it should be observed that from an inspection of the statement of facts, it appears that the only evidence supporting the finding that appellant had not lived with his wife since October 27, 1941, and that about ten months subsequent to that date she gave birth to a child, is appellant's testimony to that effect, which

330

the court concluded was not "relevant admissible testimony." No error is assigned to this conclusion, and it cannot be considered as fundamental error, but we shall discuss it because it presents the same question as that raised as to the competency of the alleged declaration of appellee.

■ It is a rule of universal application that a child born in lawful wedlock is presumed to be legitimate. Jones on Evidence, Vol. 1, Sec. 93, p. 448; Texas Law of Evidence, McCormick & Ray, Sec. 50, p. 87. Another rule, generally accepted, though sometimes criticized, is that in proceedings where legitimacy of a child is directly in issue, declarations of the husband or wife for the purpose of showing non-access for a period in excess of the normal period of gestation, or otherwise assailing the legitimacy of the child, will not be received to rebut this presumption. Jones on Evidence, Secs. 97 and 97a, pp. 464, 469; Texas Law of Evidence, McCormick & Ray, Sec. 50, p. 88; 6 Tex.Jur. p. 370, Sec. 14. The rule was thus enunciated by Lord Mansfield in 1777, in Goodnight's Case (98 Eng. Reprint, 1257; 11 Eng. Ruling Cases, 518): "The law of England is clear, that the declarations of a father or mother cannot be admitted to bastardize the issue. * * * As to the time of birth, the father and mother are the most proper witnesses to prove it. But it is a rule founded on decency, morality and policy that they shall not be permitted to say after marriage that they had no connection and therefore that the off-spring is spurious."

The rule has been severely criticized by Dean Wigmore in his invaluable work on evidence (4 Wigmore Ev. 2nd Ed., Sec. 2064, pp. 387, 388), and rejected by the Supreme Court of Kansas in Lynch v. Rosenberger, 121 Kan. 601, 249 P. 682, 60 A.L.R. 376, which was overruled and Lord Mansfield's rule adhered to in Martin v. Stillie, 129 Kan. 19, 281 P. 925, 68 A.L.R. 415. Annotations showing the general application of the rule, where testimony as to non-access was involved may be found in 60 A.L.R. 380; 68 A.L.R. 421; and 89 A.L.R. 911. It has been approved and applied in Texas in suits involving heirship (Pinkard v. Pinkard, Tex.Civ.App., 252 S.W. 265—dicta, Moore v. Moore, Tex. Civ.App., 299 S.W. 653 and United States Fidelity & Guaranty Co. v. Henderson, Tex.Civ.App., 53 S.W.2d 811, involving

workman's compensation), incest prosecutions (Simon v. State, 31 Tex.Cr.R. 186, 20 S.W. 399, 37 Am.St.Rep. 802, and Foot v. State, 65 Tex.Cr.R. 368, 144 S.W. 275, Ann.Cas.1916A, 1184), and prosecutions for child abandonment (Hicks v. State, 97 Tex.Cr.R. 629, 263 S.W. 291, and Lambert v. State, 124 Tex.Cr.R. 33, 60 S.W.2d 460). The question seems never to have been raised in Texas in divorce proceedings and is one of first impression in this State. Texas Law of Evidence, McCormick & Ray, Sec. 50, p. 89.

In Russell v. Russell, 13 British Ruling Cases, 246 (1924), the House of Lords, by a three to two decision, applied the rule in a suit for divorce on the ground of adultery, holding that evidence of non-access by the husband was inadmissible to prove the alleged act of adultery, since its "object or possible result" was the bastardizing of a child of the marriage. The rule was likewise applied in suits for divorce in Timmann v. Timmann, 1913, Sup.S.T., 142 N.Y.S. 298 and in Corson v. Corson, 1863, 44 N.H. 587, and recognized as the rule at common law, though not applied, in a suit for divorce in Adams v. Adams, 1930, 102 Vt. 318, 148 A. 287. It was rejected in a suit for divorce in Hilton v. Hilton, 54 Cal.App. 142, 201 P. 337. See Annotations 21 A.L.R. 1457 at 1458.

Under the decision in Russell v. Russell, supra, the Mansfield rule is the common law of England applicable in suits for divorce on the ground of adultery, where the effect of the evidence, either directly or indirectly, is to bastardize a child born during wedlock.

Rule 184, Texas R.C.P., provides: "The common law of England as practiced and understood shall, in its application to evidence, be followed and practiced in the courts of this State, so far as the same may not be inconsistent with the provisions of the statutes or of these rules."

■ It follows that Lord Mansfield's rule is the rule applicable in this case, unless it is inconsistent with the provisions of some statute or the rules.

■ It has been suggested that since Art. 4633, Vernon's Ann.Civ.St., providing that the husband and wife shall be competent witnesses for and against each other in divorce suits, has been construed to abolish the privilege as to communications in divorce suits (Fasken v. Fasken, 113 Tex. 464, 260 S.W. 701), this statute might

well be construed as abolishing the common law disqualification of husband and wife to testify as to the fact of non-access in divorce cases. Texas Law of Evidence, McCormick & Ray, Sec. 50, p. 89. We do not agree with this suggestion. The paramount purpose underlying the Mansfield rule is protection of the child from bastardization by the testimony of those whom the law presumes to be its lawful parents. The enactment of Art. 4633 was brought about by the common law rule which made husband and wife incompetent to testify in divorce actions,—a rule based on "a consideration of public policy which looked askance at divorces, and sought to preserve the marriage relation against rupture and dissolution." Fasken v. Fasken, supra [113 Tex. 464, 260 S.W. 702]. Since the common law rule, abolished by the enactment of Art. 4633, was grounded on a purpose and policy entirely different than that underlying the Mansfield rule, that statute cannot be construed as abolishing the latter rule.

It follows from what we have said that the court did not err in concluding that the alleged declaration of appellee that she had given birth to a child, the father of whom was someone other than her husband, in connection with appellant's testimony to effect that such birth occurred more than ten months after he had had access to her, was not competent to prove the act of adultery alleged.

We are also of opinion that the court did not err in his second conclusion of law above quoted. Art. 4639a requires that "each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if. any such child or children there be."

Appellant testified that his wife had given birth to a third child during the marriage relation. There being no competent evidence to show that this child was illegitimate, the presumption of legitimacy obtains, and the child is "born of the marriage" within the meaning of the statute. We have not here a question of whether a child shown to be illegitimate falls within the purview of the statute, and we express no opinion thereon. What we do hold is that, although appellant may have believed a child born of his wife during the marriage was illegitimate, yet where the evidence fails to establish such illegitimacy, his petition for divorce is insufficient unless the name of such child, etc., be set out therein, as provided by the statute.

The judgment is affirmed.

This opinion directed to be written and is adopted by the court.

WALTHALL, J., not participating.