**CLARK v. CLARK.**

No. 6228.

Court of Civil Appeals of Texas. Texarkana.
July 20, 1946.

Rehearing Denied July 25, 1946.

Waldrop, Shaw & Brown, of Henderson, for appellant.

H. H. Wellborn, of Henderson, for appellee.

HARVEY, Justice.

This is an appeal from an order of the district court of Rusk County, Texas, overruling a motion for a new trial filed by the defendant in a divorce action instituted by Thurman Clark against his wife, Annette L. Clark.

Thurman Clark, a member of the United States Army stationed in Australia, married Annette Laneyrie on July 3, 1943, at Townsville, Queensland, Australia. A child was born to Mrs. Clark on November 10, 1944, some sixteen months subsequent to the marriage. Upon being transferred back to the United States, Thurman Clark filed suit for divorce in the county of his residence on June 18, 1945, and citation by publication was issued, returnable September 17, 1945, on which date the case was tried and a decree entered granting a divorce to the plaintiff and a finding made by the court that no children had been born to the union of the parties to the suit. In his petition for divorce, the plaintiff had alleged that no child or children had been born to him and his wife. At the term of court at which the decree was entered, and before the judgment had become final, on October 11, 1945, the defendant, appearing for the first time, through her attorneys, filed a motion for a new trial, which, upon a hearing, was overruled. From such ruling of the court this appeal has been prosecuted.

Appellant challenges the sufficiency of the pleadings, as well as the evidence introduced on the trial of the case, to support the judgment, particularly the evidence to the effect that no child had been born to the marriage and upon which the court based its finding that there were no children as issue of the marriage. The only evidence adduced on the divorce trial was the testimony of the plaintiff, who testified that no children had been born to him and his wife. Upon the hearing on the motion for a new trial, Clark admitted that he knew the baby had been born; that he suggested the name which was given by its mother; that numerous letters offered in evidence by counsel for his wife had been written by him, in which letters he indicated that he knew of the approaching birth of the child, and after its birth he acknowledged receipt of its pictures. Too, he wrote his wife that when the baby should be born her allotment from the United States Government would be increased by reason thereof; he evidenced much concern in his letters in regard to the expected childbirth, and inquired of his wife as to what new things, if any, she had made in preparation for it. Withal, he denied all connubial relations with his wife, who, on the other hand, testified by deposition as to their living together as husband and wife.

345

Under these facts, it was indubitably established that he knew of the birth of the child. Such being the case, the petition he had his attorneys file did not comply with Article 4639a, Vernon's Ann.Civ.St. of Texas, which provides, in part:

"Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce."

In the case of Gonzalez v. Gonzalez, Tex. Civ.App., 177 S.W.2d 328, 331, it was held that a petition filed by the husband, which omitted the name of a child born during wedlock, the evidence showing that such child had been born, was insufficient under the article referred to, and could not be the basis for an adjudication of the cause of action pleaded, even though the husband denied the paternity of the child. We quote the following excerpt from the opinion in question, which adheres to the common law rule that the testimony of neither party to a marriage is admissible to establish the illegitimacy of a child born during wedlock:

"Appellant testified that his wife had given birth to a third child during the marriage relation. There being no competent evidence to show that this child was illegitimate, the presumption of legitimacy obtains, and the child is 'born of the marriage' within the meaning of the statute. We have not here a question of whether a child shown to be illegitimate falls within the purview of the statute, and we express no opinion thereon. What we do hold is that, although appellant may have believed a child born of his wife during the marriage was illegitimate, yet where the evidence fails to establish such illegitimacy, his petition for divorce is insufficient unless the name of such a child, etc., be set out therein, as provided by the statute."

The rule has been severely criticized in many jurisdictions. Especially does it seem questionable that testimony of neither party to the marriage is admissible to show non-access where the legitimacy of a child is denied. However, the rule has been approved in various fact situations in the adjudicated causes of this state. It is our opinion that where a petition for divorce has been filed and therein it is alleged that no child or children had been born of the marriage, and a decree of divorce is entered upon citation by publication, and upon motion for a new trial made by the defendant, who appears for the first time upon such motion, it is shown that a child or children were born during wedlock and the only evidence adduced upon the trial of the divorce action relating to the illegitimacy of the child or children was that of plaintiff, as a matter of law the party defendant is entitled to a new trial, the petition not being in conformity with Article 4639a, and the evidence being insufficient upon which to predicate a finding that no children had been born to the marriage.

In view of the conclusion reached herein with reference to the point discussed, we express no opinion as to the sufficiency of the allegations in the petition or the evidence in support thereof. In the absence of special exceptions to the petition, doubtless a cause of action was alleged; upon a new trial, it is likely that these same matters will not arise. Evidence as to the remarriage of the plaintiff subsequent to the decree of divorce was not admissible (McConkey v. McConkey, Tex.Civ.App., 187 S.W. 1100), but the case having been tried before the court, who presumably considered what was relevant and what was not, this point becomes immaterial. It is most unfortunate that appellee should have consummated a second marriage before the divorce decree became final, and the situation is one that evokes much sympathy. Without doubt, he acted in good faith in remarrying, and was unaware of the legal results that might follow in the event of an action to set aside the divorce decree, which under the circumstances herein could be filed within a two-year period. Legally, he was charged with knowledge of such consequences and acted at his own risk.

The judgment of the trial court is reversed and the case remanded for a new trial.