### CARNES v. KAY et al.
### No. 5856.

Court of Civil Appeals of Texas. Amarillo.
March 29, 1948.

Rehearing Denied April 26, 1948.

ssss

G. H. Crane, of Dallas, for appellant.
John Fannin, of Dallas, for appellee.

PITTS, Chief Justice.

Appellant, Arthur Paul Carnes, filed suit on March 4, 1947, against appellees, Eula Fae Kay, joined by her husband Allen Kay, alleging in effect that Eula Fae Kay was his former wife; that they were divorced by a court of competent jurisdiction in Dallas County on May 24, 1946; that the records of the said court show there was one child born to the marriage, namely, Linda Carnes, a girl who was born August 31, 1944; that he was not the father of the said child, although the divorce decree found him to be its father, and he sought to have the divorce decree changed and modified so as to show that the said child was not the issue of the marriage of the said parties and that he was not its father.

Appellees answered with a denial as to the charge that the child was not the issue of the marriage and alleged that the said child was born during the marriage of the parties; that the parentage of the child was put in issue in the divorce case, which was not contested by appellant, and the court found the child to be the issue of the said marriage of the parties and the judgment there rendered was res adjudicata as to appellant's alleged cause of action and they prayed for a dismissal of appellant's suit. They further pleaded subject to their plea of res adjudicata that appellant take nothing by reason of his suit.

The record does not reveal any action taken by the trial court on appellees' plea of res adjudicata, but it is presumed that the same was overruled since the cause went to trial before a jury which found in response to one issue submitted to it that appellant is the father of the said child. Judgment was rendered accordingly from which appellant perfected his appeal.

The record reveals that appellant and appellee, Eula Fae Kay, were married on August 13, 1939; that appellant was in the Army from October 23, 1942, until November 30, 1945, but that he was at home at various times and was associated with the said appellee who was then his wife; that appellant admitted his visits home but pleaded nonjuxtaposition and claimed non-access to his then wife for a period of more than fourteen months before the child was born but she testified that he was at home on December 12, 1943, at which time he visited her and the child was conceived on that date. The record does not reveal just when the parties separated but it does reveal the fact that Eula Fae Kay, who was then Eula Fae Carnes, filed suit for a divorce on March 16, 1946; that she alleged the birth of the child to the marriage; that appellant was duly served with a citation that had a copy of her pleadings attached thereto and that he later executed a waiver of service; that appellant did not answer or attend the divorce trial; that his wife was awarded a divorce, the custody of the child and appellant was required to pay $5 per week for its support; and that a part of appellant's Army allowance was later deducted by the United States Government for the benefit of the child. The record further reveals that sometime subsequent to the granting of the divorce Eula Fae Carnes married Allen Kay, who is a cousin to appellant.

█ Appellees charge that appellant's cause of action is in the nature of a bill of review although it is not so labeled. It has been held that a pleading may be treated as a bill of review regardless of the title or name given it by the pleader. Generally the purpose of a bill of review is to secure a review and a reversal of a former decree or judgment of a court whereas in the instant case appellant sought only to secure a review and a change or modification of a former decree and judgment of the court. In order to entitle a person to a remedy by pleading a bill of review the complainant must show that he has suffered the adverse judgment as a result of fraud, accident or mistake; that he could not prevent the rendition of the former judgment and that the same was rendered against him because of circumstances beyond his control and as a result of no negligence or lack of diligence on his part. Where the purpose of a bill of review is to secure the setting aside of a default judgment, the complainant must show a valid reason for its failure to appear at the trial, a valid reason for his failure to move for a new trial during the term of court at which the judgment attacked was rendered and a meritorious defense to the cause of action. He must show something more than the mere fact that an injustice has been done to him in order to invoke the powers of equity.

█ In the instant case appellant pleaded fraud but in our opinion he failed to establish such. He likewise failed in our opinion to exonerate himself from negligence. On the contrary he was served in the former suit by personal citation containing a copy of the plaintiff's petition and he thereafter waived service in writing. He did not answer or appear for the trial but defaulted and did not complain about the judgment formerly rendered for nearly a year thereafter and then the complaint was made at some subsequent term of the court. It therefore appears that he wholly failed to meet the requirements for equitable relief under a plea for a bill of review.

█ It appears that the sole issue raised in the instant case was adjudicated between the same parties in the former suit for a divorce which suit was not contested by appellant. The Commission of Appeals said in the case of Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039, 1040, that: "Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which the final judgment or decree is rendered upon the litigation is conclusively

settled by that judgment or decree as between the same parties, and cannot again be litigated, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not." We further cite Carter v. Bacle, Tex.Civ.App., 94 S.W.2d 817, and Griffin v. McFarlane, Tex.Civ.App., 96 S.W.2d 1000, in support of the said rule. It therefore appears that appellees' plea of res adjudicata should have been sustained, however because of the seriousness of the issue raised the case is being considered on its merits.

◼ Appellant presents only one point or assignment of error to the effect that the trial court erred in overruling his motion for a new trial. In his said motion appellant complains that the trial court erred in overruling the same because its judgment is not supported by the pleadings or the evidence, because the finding of the jury is not supported by the evidence and the law, because of the trial court's error in refusing to admit in evidence letters written by appellee, Eula Fae Kay, allegedly admitting that appellant is not the father of the child and because of the discovery of new evidence. In summing up appellant's motion he asked for a new trial because of at least six alleged definite and separate errors made by the trial court and he complains about all of them in one point or one assignment of error. Appellees charge in effect that the point or assignment of error is multifarious or too general to be considered. It has been held that "points" under the present rules are synonymous with "propositions" or serve the purpose of "assignments of error" under former practice and that points are indispensable under the present rules of civil procedure. It has likewise been held that a point or assignment of error is multifarious when it embraces more than one specific ground of error or when it' attempts to attack several distinct alleged errors or rulings of the trial court. When it fails to point out definitely some alleged specific error or ruling of the court or fails to present some concrete question raised in the case it is too general and too indefinite to be considered on appeal provided it does not present fundamental error. For a thorough discussion of these rules and the authorities supporting them we cite the case of Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863, published only in the advance sheet at this time. It appears to us that appellant's point or assignment of error is too multifarious and too general to be considered since no fundamental errors are found in the record. However, if we were to consider the point, we do not find the complaints there made supported by the record and the law governing the matters about which appellant complains. Appellant complains primarily that he was entitled to a new trial because of the discovery of new evidence. It seems to us the alleged newly discovered evidence either has a tendency to impeach nonessential matters previously heard in evidence or it was cumulative or it was pertaining to an attempt to prove an admission on the part of appellee, Eula Fae Kay, the mother of the child, that appellant is not the father of the child. It is admitted that the child was born during lawful wedlock of the said appellee and the appellant. The rule is well established that a child born in lawful wedlock is presumed to be legitimate. The rule is likewise well established that, under such circumstances, declarations made at any time by the husband or wife tending to make the child illegitimate are not admissible in evidence to rebut the presumption of legitimacy. Gonzalez v. Gonzalez, Tex.Civ. App., 177 S.W.2d 328; Moore v. Moore, Tex.Civ.App., 299 S.W. 653; Pinkard v. Pinkard, Tex.Civ.App., 252 S.W. 265. It therefore appears that the alleged newly discovered evidence was either immaterial or not admissible.

◼ The rule is likewise well established that the question of granting a new trial on the grounds of newly discovered evidence is addressed to the sound discretion of the trial court and its rulings on such a matter will not be disturbed by an appellate court unless an abuse of discretion is clearly shown. When a party is seeking a new trial on the grounds of newly discovered evidence the burden of proof is upon him to show the alleged evidence has been discovered since the former trial, that the same could not by the exercise of reasonable diligence have been discovered before

the trial, that the said evidence must be material and not cumulative and that the same, if produced, would probably change the results upon another trial. Griffith v. Gohlman, Lester & Co., Tex.Civ.App., 253 S.W. 591, and Pitman v. Holmes, 34 Tex. Civ.App. 485, 78 S.W. 961. It appears from the record that the alleged newly discovered evidence, if produced, would not have been material or would not have been admissible. It likewise appears that appellant's motion for a new trial was properly overruled for lack of diligence on the part of appellant.

The judgment of the trial court is therefore affirmed.