WALTER SINCLAIR v. THE STATE.

*No. 1184.    Decided October 16th, 1895.*

**1.    Special Venire—Absent Juror—Practice.**

When a juror, summoned on a special venire, fails to appear and answer to the call of his name, either party can have an attachment issued for him instanter. If this is not done at that time, the parties are deemed to have waived the attachment. If the summoned juror, who has failed to answer, appears before the jury is complete, he may be examined and empanelled or challenged, but the cause shall not be unreasonably delayed on account of the absence of such juror.

**2.    Argument of Counsel—Provoked by Opposing Counsel.**

Where the defendant's counsel provoke improper remarks to be made by counsel for the State, the defendant will not be heard to complain of such remarks.

**3.    Self-Defense.**

On a trial for murder of two children with an ax, where it also appeared, that the house in which their bodies were, was burned to destroy the evidence of the crime; and, the only evidence of trouble between defendant and either of the parties, was a remark made by him to one of them the preceding morning, "that she had hurt his nose." Held: No theory of self-defense was suggested.

APPEAL from the District Court of Upshur.    Tried below before Hon. FELIX J. McCORD.

This appeal is from a conviction for murder in the second degree, the punishment being assessed at twenty-five years' imprisonment in the penitentiary.

The indictment charged defendant with the murder of Lavinia Webb, in Upshur County, on the 10th day of March, 1895. It contained two counts—one charging the murder to have been committed with an ax, the other, by means to the grand jury unknown.

The house of Jemima Webb, the mother of deceased, was burned on Sunday, the 10th day of March, 1895, at about 12 o'clock M. The charred bodies of her two children, Lavinia Webb, the deceased, about 12 years of age, and Walter Webb, a child about 3 years of age, were found in the ruins of the building after it was burned.

Jemima Webb had gone off that morning to cook, leaving the children at the house. The house was a small, one-story box house, and there were several ways by which the children, if alive or uninjured, could have escaped from it after it was afire. A number of the witnesses saw defendant in the neighborhood of the house just before the fire. One witness saw him in the house just before, and this witness talked to the deceased at that time. One witness saw him standing on the porch with an ax in his hand just before the fire, and several witnesses saw him running, from the direction of the house, a few minutes before it was discovered on fire.

All the parties were negroes, the defendant being a young negro boy. The motive for the deed is not shown.

Dr. Daniels testified, that, after the fire, he saw the two bodies in the debris of the house. "There was an opening in the skull of the larger body about two or three inches long. Don't know what made it." He says: "I think those bodies were not alive when the fire reached them. My reason is, that if the larger one had been alive, and not in some way rendered helpless, she would have escaped from the building, there being several ways she could have gotten out. In the second place, the body was lying prone upon the back, and no effort made to screen it from the fire. I think they were either dead or helpless when the fire broke out."

The defense was alibi. Defendant did not testify in the case.

The questions raised at the trial are sufficiently illustrated in the opinion.

*J. S.* and *E. L. Barnwell*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was given twenty-five years in the penitentiary for murder in the second degree, and prosecutes this appeal. When the special venire was called, Davidson and Bishop, two of the jurors thereon summoned, failed to answer to their names. While empaneling the jury, the name of Davidson was called; and, he being absent, the court, over appellant's objection, ordered the name of

the next juror called. The court inquired if appellant desired an attachment for the juror, and his counsel replied: "I stand upon my rights." The call of the jury then proceeded until Bishop's name was reached, whereupon the same proceedings were had as in the case of the juror Davidson. The venire was exhausted, and the jury being incomplete, the court ordered the sheriff to summon talesmen. The appellant then informed the court that he still desired to pass upon the two absent veniremen. The court suspended proceedings, issued attachments, and had the jurors brought into court. Upon the examination of the jurors, Davidson was challenged by the State, and Bishop disqualified himself and was excused. These matters are urged for reversal. Where a juror has been summoned on a special venire, and fails to appear and answer to his name, either party may call for and have an attachment issued to enforce his attendance at once. Code Crim. Proc., Art. 618. If this is not demanded at the time, the parties are deemed to have waived their right to the attachment. Hudson v. State, 28 Tex. Crim. App. 323. The statute provides that if the summoned juror fails to answer to his name, if he appear before the jury has been completed, he may still be tried as to his qualifications, and empaneled as a juror, unless he is challenged, but the cause shall not be unreasonably delayed on account of the absence of such juror. Code Crim. Proc., Art. 640; Cahn v. State, 27 Tex. Crim. App., 709; Hudson v. State, 28 Tex. Crim. App., 323; Wilson's Crim. Stats. ? 2287. We cannot see how any of the defendant's rights were or could have been injured in this matter. By bill of exceptions, it is shown that State's counsel commented upon matters of fact not adduced on the trial. It is shown, however, by the court's qualification of the bill, that the remarks of the District Attorney were strictly in reply to the argument and statements of appellant's attorney in the same connection and in regard to the same matter. When a defendant's counsel provokes improper remarks to be made by counsel for the State, the defendant will not be heard to complain of such remarks. Baker v. State, 4 Tex. Crim. App., 223; Williams v. State, 24 Tex. Crim. App., 33; House v. State, 19 Tex. Crim. App., 227; Mayes v. State, 33 Tex. Crim. Rep., 33; Norris v. State, 32 Tex. Crim. Rep., 172. The issue of self-defense is not suggested by any evidence in the case. If appellant killed the girl and boy burned in the house, he did so with an ax, and burned the house in which the bodies were in order to destroy evidence of the crime. The only evidence showing any trouble between the girl and appellant was a remark made by him to the girl during the morning preceding the murder and burning, in which he stated to her that "she had hurt his nose." This does not suggest the theory of self-defense. The judgment is affirmed.

*Affirmed.*