SOTERO GONZALES v. THE STATE.

No. 401.   Decided February 9, 1910.

**1.—Murder—Statement of Facts—Practice on Appeal—Charge of Court.**

It is well settled that in the absence of a statement of facts the Appellate Court will assume, in aid of the action of the court below, that if the charge would have been permissible under any statement of facts that it will be held sufficient.

**2.—Same—Jury and Jury Law—Special Venire—Talesman—Attachment.**

Where upon trial for murder, forty-seven out of the sixty veniremen drawn were summoned, and twenty-two of the special veniremen summoned were present, out of whom five were taken upon the jury, and talesmen were summoned to complete the jury, the defendant can not be heard to complain of the absence of veniremen summoned unless he requested an attachment for them, no injury having been shown.

Appeal from the District Court of Falls.   Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of murder in the second degree; penalty, fifteen years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.—On question of selecting the jury:   Walker v. State, 6 Texas Crim. App., 576; Martin v. State, 38 Texas Crim. Rep., 462; Jackson v. State, 30 Texas Crim. App., 664, 18·S. W. Rep., 643; Sinclair v. State, 35 Texas Crim. Rep., 130, 32 S. W. Rep., 531; Mays v. State, 50 Texas Crim. Rep., 165, 96 S. W. Rep., 329; Williams v. State, 29 Texas Crim. App., 89.

RAMSEY, JUDGE.—By indictment filed in the District Court of Falls County, on February 20, 1909, appellant was charged with the murder of one Juan Flores by cutting him with a knife.   At a trial had in said court on the 5th day of August thereafter appellant was found guilty of murder in the second degree and his punishment assessed at confinement in the penitentiary for a period of fifteen years.

1.   As the record reaches us there is no statement of the facts contained therein.   All the bills of exceptions contained in the record except one relate to special charges refused by the court and to complaints of the court's charge.   These matters in the absence of the statement of facts we are not authorized to consider.   It is well settled, in the absence of a statement of the facts, that we will assume in aid of the action of the court below that if the charge would have been permissible under any statement of facts that it will be held sufficient.

2. The first bill of exceptions relates to the action of the court touching the special venire. It appeared that a venire of sixty men had theretofore been drawn in the case; that the sheriff returned as served forty-seven of the number so drawn; that of these only twenty-two answered to their names when called; that before announcement, the defendant moved the court to quash the venire because there only appeared twenty-two of the persons so drawn and summoned present from which to select the jury, the same being as alleged an insufficient number from which to select the jury in said cause. This motion was by the court overruled. The bill of exceptions further recites that only five of the jurors were selected and empaneled out of the venire when appellant again urged his motion for the same reason given above, which was by the court overruled and the sheriff directed to summons talesmen, which was done, and the jury completed out of the talesmen so served. In approving the bill touching this matter the court does so with the qualification that out of the sixty veniremen drawn, forty-seven were reported as served by the sheriff; that out of this number thirteen had been excused by the court or counsel, two jurors were reported sick, leaving thirty-two out of forty-seven summoned, unexcused, of which twenty-two were present for duty. In the absence of any request for attachment of the absent veniremen and in the absence of any suggestion or intimation of injury or prejudice to appellant's rights, we think there was no error in the action of the court touching this matter. Article 655, Code of Criminal Procedure; Jackson v. State, 30 Texas Crim. App., 664, 18 S. W. Rep., 643; Sinclair v. State, 35 Texas Crim. Rep., 130, 32 S. W. Rep., 531; Mays v. State, 50 Texas Crim. Rep., 165, 96 S. W. Rep., 329, and Williams v. State, 29 Texas Crim. App., 89.

The other questions raised in the case are not such that under any circumstances we can review in the absence of the statement of facts.

Finding no error in the judgment of the court below, it is hereby in all things affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.