CHARLIE JENKINS v. THE STATE.

No. 1412. Decided November 29, 1911.

1.—Local Option—Statement of Facts—Transcript.

Where the statement of facts was not embodied in the transcript, in an appeal from the County Court, the same could not be considered.

2.—Same—Indictment—Mutilated Instrument.

Where appellant contended that the indictment was a separate piece cut from another and different instrument and pasted on the face of the indictment, and did not show a valid indictment, but the face of the original indictment showed that it was the act of the grand jury, there was no error.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days in jail.

The opinion states the case.

*J. H. McGown* and *Goodrich & Lewis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The statement of facts is not embodied in the transcript as required by the statute and decisions bearing upon this matter, and will not be considered.

There is a bill of exceptions in the record which recites that before appellant announced ready for trial, he moved the court to quash the indictment, because it consisted of instruments, or portions of two instruments pasted together, that is to say, that the indictment has a separaté piece cut from another and different instrument pasted on the face of the indictment, supposedly to be used and read as a part of the indictment; that the indictment in its present condition is a mutilated instrument pasted one upon the other, and that by reason of this condition, the same is insufficient in law, and is void, because not in compliance with the terms of the statute; that by reason of the condition of said indictment, defendant does not know who pasted the instruments together. The motion to quash upon this ground was overruled by the court and a bill of exceptions taken. The motion to quash the indictment seems to be omitted from the record. Therefore, we are relegated to the face of the bill of exceptions to ascertain what occurred in regard to this matter. The record fails to show whether there was any investigation of the matter by the court, or any evidence introduced as to whether the indictment was the indictment in fact returned by the grand jury or not. On the face of the original instrument, which is before us, after alleging the formal parts of the indictment down to and including the expression "did then and there unlawfully sell to Eddie Roberts," is written in regular form, and from that on the remainder of the indictment is on a piece of printed paper which seems to have been cut from some other paper and pasted into the indictment; and following the last words above quoted, "sell to Eddie Roberts," these words occur, "intoxicating liquors, after an election had been held by the qualified voters of said county," etc., down to and including "in the manner and form, and for the length of time required by law." Then follows the regular form, "against the peace and dignity of the State," and the name of the foreman of the grand jury. While this is rather unusual, at least so far as we are aware, in the manner of writing an indictment, or preparing it, still it is not shown, or attempted to be shown, that this was not done by the grand jury and that they took this method of writing the bill, or having it prepared, instead of writing it in the usual way. If the foreman of the grand jury filed the indictment as thus prepared, and returned it in this manner into court, there is no sufficient reason why

the indictment should be quashed. It is rather a novel way of preparing an indictment, yet, if the grand jury prepared the indictment in this condition and returned it into court, it would constitute no reason why it should be quashed. Under such circumstances, it would be the act of that body, and valid.

The other matters complained of in the motion for new trial can not be reviewed in the absence of a statement of the facts. The judgment is affirmed.

*Affirmed.*