## F. M. Newman v. The State.

### No. 8407.   Decided May 21, 1924.

**1.—Theft of Property Over Fifty Dollars—Bailee—Ownership.**

Where ownership was alleged in A. W. Ratcliff, defendant being charged with theft by bailee by going to Ratcliff's place and hiring a car, and defendant contended that the indictment should have alleged Ratcliff's brother as being the owner of the car, and the person from whom same was hired, but the record showed that Ratcliff's brother was only in temporary charge while his brother had gone to dinner, etc., there is no variance or reversible error.

**2.—Same—Requested Charges.**

There was no error in refusing the requested charges or objections to the main charge to the effect that defendant could not be convicted upon proof merely that he did not return the car, etc.

**3.—Same—Remark by Court.**

Where the statement attributed to the court in sustaining the objection to the argument was that he did not consider the remark a reference to the

defendant's failure to testify, and there was nothing in the argument of the State's counsel or in the statement of the court that violated any statute, or could injure defendant, there is no reversible error.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial of theft of property of the value of more than fifty dollars the evidence sustained the conviction, there is no reversible error.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of theft of property of the· value of₀more than fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Potter County of theft of property of the value of more than fifty dollars and his punishment fixed at two years in the penitentiary.

The specific charge was theft by bailee. A. W. Ratcliff was engaged in renting cars in Amarillo, Texas, and on the date in question appellant, who had rented a car on a former occasion, went to Ratcliff's place to hire a car. Ratcliff's brother was in temporary charge while Ratcliff had gone to dinner, but appellant was sent by the brother to a restaurant where Ratcliff was eating, and there arrangement was made as to terms and appellant was sent back to the place of business where he took charge of the car. One of the complaints made here is that the indictment should have alleged Ratcliff's brother as being the owner of the car and the person from whom same was hired. We do not think so and, therefore, hold against appellant on the proposition of variance between the allegation and proof.

The car was hired for an hour and was taken about 12 o'clock noon. Appellant was arrested with the car at Sayre, Oklahoma, the next day and brought back to Texas where his indictment and conviction followed. Appellant requested seven special charges, one of which was given, same telling the jury in substance that he could not be convicted upon proof merely that he .did not return the car but that there must be proof of some act or circumstances showing that he did not intend to return it and that he intended to deprive the owner of the use and benefit thereof. We have examined the exceptions reserved to the main charge of the court as well as each of the requested instructions refused, and perceive no error presented in any of same.

Appellant's eighth bill of exceptions sets out a statement made in argument, the objection offered thereto, and a remark of the court. This bill was qualified, the trial judge stating that the argument and objection were substantially as stated, but that he did not remember having made the remark attributed to him. Refusing to accept the bill thus qualified, appellant presents a bystanders bill which does not differ materially from the court's bill, except that it affirms that the judge did make said remark. The argument referred to was a statement that the plea of suspended sentence was withdrawn probably because appellant feared to put in issue his reputation. The statement attributed to the court in sustaining the objection to this argument was that he did not consider the remark a reference to the defendant's failure to testify. We dispose of the whole matter by saying that we perceive nothing in either the argument or in the statement of the court which violates any statute or could injure appellant or call for reversal. An application for suspended sentence had been read as part of the defense, but was withdrawn in the charge of the court. That no evidence was offered in support of such plea was necessarily before the jury. It may be that it was wrong for the State's attorney to express his view of appellant's reason for not offering such evidence, but testimony of good reputation is not ordinarily given by the accused himself, and it would be a strained construction to say the remark of the district attorney was a reference to appellant's failure to testify, or that a statement of this fact was misconduct of the court.

There was no dispute of the fact that appellant hired the car in Amarillo for an hour; that he was seen after that time had expired in a car with a woman going away from said town; nor that he was arrested the next day in Sayre, Oklahoma, having said car in his possession. No explanation of such acts or possession was then made, nor at this trial. The jury fixed the lowest penalty. The facts so clearly showing his guilt, and the punishment given showing an absence of prejudice, we have no option but to affirm the case. Hofheintz v. State, 45 Texas Crim. Rep., 117; De Los Santos v. State, 65 Texas Crim. Rep., 518, 146 S. W. Rep., 919.

The judgment will be affirmed.

*Affirmed.*