ERNEST CHANDLER V. STATE.

No. 25821. April 16, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) May 28, 1952.

Hon. A. P. Mays, Judge Presiding.

*Robert J. Jackson, Joe E. Anderson,* and *J. S. Simkins,* all of Corsicana, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty-five years.

It was established by an undertaker that deceased had received two bullet wounds, from which she died.

The sheriff testified that, in the course of his investigation of the slaying of deceased he apprehended appellant; and then we quote from his testimony as follows:

"THE WITNESS: He told me that this gun was at his mother's home.
"Q. What gun? A. His gun that he shot Jettie Bee Clark with.
"Q. All right-- A. And we went down to the house to get the gun."

The sheriff further testified that he recovered the gun from appellant's mother and found one loaded and one empty cartridge near the scene of the homicide, where appellant told them he had thrown them after coming out of the house in which deceased had lived.

Appellant's mother testified, for the state, that, on the night of the homicide, she had occasion to look for her pistol in its accustomed hiding place and discovered that it was missing; that she made inquiry of the appellant; that he went out in the back yard, got the pistol and returned it to her; and that she later turned it over to the sheriff.

A neighbor of deceased testified that he had seen appellant coming into the neighborhood 15 or 20 minutes before deceased was killed.

Appellant did not testify and offered only witnesses as to his reputation.

We find the facts sufficient to support the conviction.

We shall discuss appellant's contentions in the order advanced in his brief.

Bill of Exception No. 6 complains that the state was permitted to prove, through a neighbor of deceased, that deceased's daughter, who was at home the night of the homicide, was feeble-minded and could not talk or carry on a conversation.

Appellant contends that such proof was tantamount to proving that, if the feeble-minded child could have talked, she would have testified to matters hurtful to appellant. We are unable to follow his reasoning, but do observe that the state had the right to explain the non-production of an eye witness to the homicide.

Appellant seeks to complain about a certain telephone conversation had by the deceased on the evening of the homicide. We find no bill of exception raising the question. We observe, however, that the court withdrew the meager evidence relating thereto from the jury's consideration and perceive no injury reflected by the testimony.

Appellant's motion for new trial is not based on jury misconduct or any allegation that the jury received new evidence during their deliberations. Only in such cases are we authorized to consider the same in the absence of a bill of exception raising the question. Article 760e, C. C. P.

Said motion seeks to raise several questions of the correctness of the court's rulings on the admission or exclusion of evidence. These exceptions should have been made during the course of the trial and cannot be raised on motion for new trial.

The motion further seeks to show that appellant's counsel made a mistake in not utilizing certain witnesses during the course of the trial. Such a contention presents nothing for our review.

Finding no reversible error, the judgment of the trial court is affirmed.