## Ramiro Gonzalez v. State

No. 28,455. November 7, 1956.
Appellant's Motion for Rehearing Overruled
January 2, 1957.

*Roy A. Scott,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder without malice; the punishment, 5 years.

The undisputed evidence shows that the appellant killed the deceased by shooting him with a gun. The homicide occurred at a place known as "Chapa's Place," in the town of Palito Blanco in Jim Wells County, following an argument between the two at a crap game.

According to the state's testimony, the argument arose over a point in the game. During the argument the appellant's brother hit the deceased in the back of the head with a beer bottle. After the deceased and a companion had pursued the brother outside in the darkness appellant left and in some eight or ten minutes returned in his truck with a 22-calibre rifle. After being engaged in a struggle by the witness Demetrio Martinez over the gun appellant, after getting out of his truck, pointed the gun towards a car occupied by the deceased and his companion and fired the fatal shot that killed the deceased, and another shot that struck his companion on the side of the head.

As a witness in his own behalf, appellant testified that the argument began when the deceased accused the appellant of pushing him; that during the argument the deceased and another man grabbed him by the neck and the deceased got his knife out and tried to strike him; that after his brother hit the deceased with the beer bottle, the deceased and the other man started chasing the appellant and then his brother; that he then got in his truck, went home, secured his rifle, and returned to the scene to see about his brother. Appellant testified that upon his return he. was engaged in a scuffle by the witness Demetrio Martinez over possession of the gun and that the shots were accidentally fired while they were scuffling over the gun.

Appellant insists that the court erred in overruling his various motions to quash the special venire and refusing his requests to dismiss the talesmen ordered by the court.

The record shows that the case was set for trial on May 7, 1956, and on such date 49 of the 60 special veniremen summoned answered present. The court, with the agreement of appellant's counsel, excused 15 of the special veniremen. The court re-set the case for trial on May 9, 1956, and ordered that 30 additional talesmen be summoned by the sheriff to appear for jury service on that date. Upon the call of the case for trial on

May 9, 1956, 34 of the original special veniremen answered present, 4 of which were excused, leaving 30 present for jury service; and, in addition to this number, 28 of the talesmen summoned by the sheriff to appear on such date were present.

Appellant moved to quash the special venire and dismiss the 30 members present, and also to dismiss the talesmen present, on the following grounds: (1) Because there would be no members of the venire left from which to select a jury in the event the state and appellant exercised their fifteen preemptory challenges; (2) Because the talesmen had been ordered summoned by the court after the original veniremen had appeared and before appellant had made any announcement; (3) The additional talesmen were summoned from the towns of Alice and Premont and was not a general selection of jurors from all sections of the county; and (4) Appellant had not been furnished with a list of the talesmen summoned for one full day before the trial.

The record further reflects that 5 jurors were selected from the original list of 30 special veniremen, and that, after the list was exhaused, the remaining jurors were selected from the talesmen ordered to appear for jury service on May 9th, and additional talesmen summoned by the sheriff under orders of the court.

It will be first observed that the selection of juries in Jim Wells County is under the jury commission system and not under the jury wheel law. Art. 2094, Vernon's Ann. R.C.S.; Articles 591, 592 and 593, V.A.C.C.P.

The original special venire was not invalid because by reason of excuses the list had been reduced to less than 36 in number as provided by Art. 587, V.A.C.C.P. Taylor v. State, 14 Texas App. 340; and Gonzales v. State, 58 Texas Cr. Rep. 257, 125 S.W. 395.

The fact that the talesmen were ordered by the court before appellant made his announcement could not have injured appellant because the record shows that in the selection of the jury the original special venire list was first exhausted before the talesmen were examined.

Appellant was not entitled to service of the list of talesmen summoned for one full day before the trial. Branch's Ann. P.C., 2nd Ed., Sec. 547, P. 526; 26 Texas Jur. #136, P. 703; Brother-

ton v. State, 30 Texas App. 369, 17 S.W. 932; and Dow v. State, 31 Texas Cr. Rep. 278, 20 S.W. 583.

No error is shown in the court's refusal to dismiss the talesmen because they were only summoned by the sheriff from the town of Alice and Premont. The record reflects that these were the two largest areas in the county, and the fact that talesmen were not summoned from every section of the county did not invalidate the list of talesmen summoned. Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513.

In the absence of a formal bill of exception, appellant's complaint to the action of the court in overruling his motion to prevent district attorney Sam H. Burris from appearing in the case and conducting the prosecution is not properly presented to us for review. Articles 759a and 760e, V.A.C.C.P.; Chandler v. State, 157 Texas Cr. Rep. 353, 248 S.W. 2d 736.

In his charge, the court instructed the jury on the law of accident and also fully instructed them on the appellant's right of self-defense and defense of another. In connection with the charge on self-defense, the court instructed the jury on the law of abandonment of the difficulty by the deceased, to which instruction appellant objected on the ground that such instruction was contrary to and unsupported by the evidence.

A review of the record reflects that it was after the difficulty between the appellant and the deceased and the appellant had left the scene, gone to his home, secured the gun, and returned that the fatal shots were fired. According to his own testimony, as he left to go to his home, he was followed by the deceased and a companion until he got in the road. After they had hit his pick-up, he proceeded on to his home apparently unmolested and then returned to the scene. It is not shown that after the appellant returned to the scene the deceased did anything to renew the difficulty.

Under the testimony, the instruction relative to abandonment of the difficulty by the deceased was warranted.

Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

It is made to appear by supplemental transcript that the objections and exceptions to the court's charge were dictated to the court reporter and were not reduced to writing and filed with the trial court until after the expiration of the 90 days allowed for filing bills of exception.

The record reflects that the clerk of the trial court, at the request of appellant's counsel, placed on the instrument the words "Filed May 11, 1956, at 10:00 A.M." whereas the instrument was received by the clerk on September 6, 1956.

The district clerk was without power to antedate or attempt to file back the objections and exceptions. This court has held that the clerk could not do so even though authorized by the trial judge. Ortiz v. State, 121 Texas Cr. Rep. 438, 53 S.W. 2d 58.

Exceptions to the overruling of objections to the court's charge properly and timely presented, reserved over the signature of the trial judge, may serve as a bill of exceptions. Driver v. State, 105 Texas Cr. Rep. 29, 285 S.W. 312; Sims v. State, 156 Texas Cr. Rep. 608, 245 S.W. 2d 260.

In such event, the bill must be filed within 90 days after notice of appeal. Art. 760(d) V.A.C.C.P.

We should not be understood as approving the practice of dictating objections to the charge to the court reporter, and having same reduced to writing at a later date. We would suggest and strongly recommend that the procedure set out in the statutes be strictly complied with, and that trial judge should allow the necessary time and insist upon a compliance with the Code of Criminal Procedure.

We do not here decide whether the practice mentioned conforms to the requirements of Art. 658 V.A.C.C.P. that the defendant present his objections in writing before the charge is read to the jury. What we do hold is that where the objections and exceptions, or other bills of exception relating to the court's charge, are not reduced to writing and filed in the trial court within 90 days after notice of appeal they cannot be considered.

Because the question is not properly before us, appellant's contention that the giving of the charge on abandoning the difficulty by the deceased is reversible error cannot be considered or sustained.

Appellant challenges the disposition of his complaint regarding the venire and, in connection therewith, disputes the correctness of the statement in our original opinion "The Court, with the agreement of appellant's counsel, excused 15 of the special veniremen."

We quote from the testimony of appellant's counsel at the hearing on his motion for new trial.

"Q. You made a statement just a minute ago that the Court had excused sixteen persons, what do you mean by the Court excusing? A. I will state in answer to that that when we were over here Monday and I withdrew my Motion with reference to the list being served on the defendant, there was a line of prospective jurors here offering excuses, and I stated to the Court that the matter of accepting their excuses was for the Court to determine and I left.

"Q. You didn't tell the Court that you would agree * * * that you would agree with the Court to excuse any man that the Court excused? A. Well I did make that statement, yes sir."

We remain convinced that reversible error is not shown in the overruling of the motion to quash the jury panel, or in the refusal of the trial court to prevent the district attorney from performing his duty in conducting the prosecution.

Appellant's motion for rehearing is overruled.