## Phillip Gant v. State.

No. 30,765. June 17, 1959.
Motion for Rehearing Overruled October 21, 1959.
Second Motion for Rehearing Overruled November 18, 1959.

WOODLEY, Judge, concurred.

*Chappell & McFall,* and *Burks & O'Connor,* Lubbock, for appellant.

*George E. Gilkerson,* Distict Attorney, *William C. Sparks,* Assistant District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, five years.

The Sunday morning quiet of a West Texas city was marred by the following events. Askew, the man named in the indictment as the injured party, returning home, found his driveway blocked and spoke to his wife rather critically of the owner of the other automobile. The appellant, the owner, who was visiting next door, came outside, and a heated conversation ensued. Askew went into his house, got a shotgun and returned. Appellant secreted himself in the neighbor's house while Askew walked up and down near the house brandishing the gun. Finally, Askew hearkened to his wife's plea and departed in his automobile sans the shotgun. Soon thereafter, the appellant left the scene. The parties next encountered each other after

the appellant had gone to his brother's home and armed himself with two pistols. Askew refused to tarry and discuss their differences with the appellant but, instead, headed for home post haste. As Askew was running for his house to again secure his trusty shotgun, the appellant fired at him repeatedly with the pistols. Some of the bullets took effect in Askew's posterior region, while others struck Askew's wife and daughter. Appellant then proceeded to the sheriff's office to surrender himself, but as he was mounting the steps Askew, who had secured his shotgun and followed appellant, shot the appellant, and the appellant returned the fire. Following this, the appellant surrendered his two pistols and himself; Askew was arrested after some difficulty, and the shotgun was recovered. It is a commentary on the once famed marksmanship of the West that neither of the participants was seriously injured.

We shall discuss the contentions advanced by the appellant in brief and argument.

His first complaint grows out of a withdrawal of an application for suspended sentence. During the examination of a state witness, counsel for the appellant approached the bench and made known to the court privately that he wished to withdraw his application for suspended sentence which had been filed earlier. State's counsel stated in the hearing of the jury, "Your honor, there's an application for suspended sentence been filed in this case, and we object to it being withdrawn." The court retired the jury, and in its absence permission to withdraw was allowed. Upon the jury's return, the prosecutor inquired, "All right sir. Would it be proper to state the ruling of the court on that motion?" to which question the appellant objected and the court replied, "I think the record is made on it in the absence of the jury." On cross-examination of appellant, the prosecutor asked this question, "Phillip, did you make application in this case, at the beginning of the case, for a suspended sentence?" The appellant objected; the court said that he saw no purpose in going into that; the prosecutor replied that all jurors had been qualified on the suspended sentence; the court answered that they were but that he was not going to charge on it; and then the jury was retired. During its absence, the court sustained the objection but overruled appellant's motion for mistrial. Upon the jury's return, the court instructed it not to consider the question of the district attorney.

During his argument to the jury, the prosecutor said, "Then we come back to the point in the beginning of this case as you

men sat out there in the jury—in this room out here and on voir dire examination you were asked about would you be favorable to a suspended sentence. The suspended sentence, where is it? Where is it, I ask you? The suspended sentence in this case is not here." Appellant's objection to this argument was sustained, and the jury was instructed not to "consider the matter of suspended sentence one way or the other."

Later on, the prosecutor said, "Gentlemen, you are told and can understand as common people, ordinary people here, that there is no mention in this charge about any suspended sentence, and I say to you * * *." and the appellant's objection was again sustained.

Clearly, the prosecutor cannot be commended for his refusal to abide by the ruling of the court and might well have been punished for contempt for his failure to do so, but we must determine if reversible error is reflected by the above.

The only case which we have been able to find which is directly in point is Newman v. State, 97 Texas Cr. Rep. 460, 262 S.W. 80. There, the prosecutor argued that the application for suspended sentence had been withdrawn in all probability because the appellant feared to put his reputation in issue. Judge Lattimore, in speaking for the court, said that nothing in such argument violated any statute, was injurious to the appellant or called for a reversal of the conviction.

Appellant's next complaint relates to argument. On the trial, it developed that Askew had been to the penitentiary for murder and that appellant's present counsel had represented him at that trial as well as upon other occasions and during this trial questioned Askew about the same. In his argument, the prosecutor said, "This matter about this man—all of this record, Mr. Chappell (appellant's counsel) waved these in front of you, ones he represented him on and has the audacity to come in here and turn on ethics and everything else and say here, you did these, and his legal ethics say that he should not say anything about a former client." Following this, the appellant objected and asked that the district attorney be reprimanded, and then the following occurred:

"The Court: I will not reprimand the District Attorney. I will say that Mr. Gant is entitled to be represented by competent counsel and to have his side of the case presented here.

"Mr. Chappell: I would like further that the Court instruct the District Attorney and the jury that I have in no manner been unethical in any manner in the trial of this lawsuit, as the District Attorney has stated to the jury that I was.

"The Court: I will say that I don't agree that you have been unethical in any way.

."Mr. Chappell: And you are instructing the jury to not consider his remark that I was unethical in any respect, is that correst, Your Honor?

"The Court: I will so instruct the jury."

It thus appears that the improper argument of the prosecutor was completely nullified by the statement of the court that he did not agree with the conclusions expressed, coupled with his instruction to disregard. 1 Branch's Ann. P.C., Sec. 382, p. 402.

Finding no reversible error, the judgment of the trial court is affirmed.

WOODLEY, Judge, concurring.

I concur in the holding that the contentions of appellant do not present reversible error.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge, (concurring).

Appellant now urges that the court erred in charging the jury upon the law of abandoning the difficulty, the contention being that the evidence did not raise the issue, and the appellant timely objected to said charge.

As we understand the record, the court, in submitting self-defense, was giving effect to the conduct of the injured party at the house next door to his home. At that time the injured party was brandishing a shotgun, while appellant was secreted in the house.

At the time of the shooting, Askew was running from his automobile toward his home, unarmed.

If the issue of self-defense was in the case it was because of Askew's conduct before he left his shotgun at home.

Under the record we are unable to agree that the charge on abandoning the difficulty was error.

We deem it proper to again direct attention to the fact that the statute, Art. 658 V.A.C.C.P., requires that objections to the court's charge be presented in writing. In Gonzalez v. State, 164 Texas Cr. Rep. 64, 297 S.W. 2d 144, 148, we declined to give approval to the practice of dictating objections to the charge.

Appellant's motion for rehearing is overruled.