**Harold MERREL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36253.**

Court of Criminal Appeals of Texas.

Jan. 15, 1964.

Sam Bass, Freeport, for appellant.

Tom Kenyon, Dist. Atty., Ogden Bass, Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

A supplemental transcript showing that a proper recognizance had been given in the court below has been received; our prior opinion dismissing the appeal is withdrawn, and the appeal is reinstated.

The offense is willfully deserting, neglecting and refusing to provide for the support of a child under eighteen years of age; the punishment, 90 days in jail.

By information it was alleged that on or about the first day of February, 1963, the appellant did unlawfully and willfully desert and neglect and refuse to provide for the support of his wife and his minor child. However, on motion of the State, the count concerning appellant's wife was dismissed from the information and an election made to proceed under the remaining count as to the child.

According to the evidence presented by the State, in February of 1961, appellant married the prosecuting witness, who subsequently gave birth to a child. Appellant and the prosecuting witness did not live together after their marriage, and according to her testimony, the appellant did not provide any support for the child despite the fact that she did request such support from him. She testified that she called him several times at Western Auto Store in Houston asking for financial help, and that on one occasion he told her that he could talk no longer because he had to go back to work. She stated that on other occasions when she saw appellant he told her that he was working. The prosecuting witness' brother testified that he and his father had aided in providing for the child until his father's death, and that he continued to help when he could, but that his sister and her child still lived in destitute and necessitous circumstances.

The appellant and his mother testified that appellant had been approached by a minister who told him that the prosecuting witness was pregnant and that later an agreement had been reached with her family under which he and the girl were to marry in order to give the expected child a name, and then get a divorce. Appellant further contended that under the agreement he was not to stand any of the expenses involved. He further admitted that he had provided nothing for the support of the child.

The evidence is deemed sufficient to support the conviction. Almanza v. State, Tex.Cr.App., 365 S.W.2d 360; Duffy v. State, 162 Tex.Cr.R. 496, 286 S.W.2d 944.

No formal bills of exception appear in the record. Appellant sought to attack the information through a motion to quash, which was overruled. Appellant failed to except to the order of the court and in the absence of such exception as required by Article 760e Vernon's Ann.C.C.P., the alleged insufficiency of the information cannot be considered. See Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362; Castaneda v. State, 170 Tex.Cr.R. 323, 340 S.W.2d 489; and Mobley v. State, Tex.Cr.App., 365 S.W.2d 173, rehearing denied Tex.Cr.App., 366 S.W.2d 558.

An instrument that is purported to be a motion to quash is also contained in the transcript, however, it bears a file mark indicating it was filed almost three months after judgment was rendered in the case, and there is no showing of any action taken thereon by the court as required by Article 760e Vernon's Ann.C.C.P. This motion clearly comes too late. Bond v. State, 171 Tex.Cr.R. 119, 345 S.W.2d 520 and cases there cited.

In making his objections to the Court's charge, the appellant apparently dictated them to the court reporter, who reduced them to writing and filed them at a date long after the conclusion of the trial. In Gonzalez v. State, 164 Tex.Cr.R. 64, 297 S.W.2d 144; Gant v. State, 168 Tex.Cr.R. 448, 328 S.W.2d 768; and Cox v. State, Tex.Cr.

App., 368 S.W.2d 600, this practice has been criticized by this Court. We again recommend that the statute be strictly complied with and our consideration of the objections to the charge should not be interpreted as condoning the procedure followed by appellant.

We find no merit in the contention that the court's charge improperly placed the burden of proof. Nor did the court err in refusing appellant's request for the definitions of the words "desert", "neglect" and "refuse" for their usage is common and, as used in the statute and in the court's charge, would require no further explanation. See Turner v. State, 84 Tex.Cr.R. 605, 209 S. W. 406; Hicks v. State, 97 Tex.Cr.R. 629, 263 S.W. 291.

Appellant contends that reversible error is reflected by the court's refusal to grant his requested charge instructing the jury that they might not convict unless they found that appellant had the financial ability to provide for the support and maintenance of his child. In this connection it should be noted that appellant's defense was not that he was unable to provide for the child, but that he had an agreement with the child's mother and her step-mother that he was merely to give the child a name and that he would not be responsible for its support. The undisputed evidence was that appellant never intended to and never did support his child, and that he suffered no physical defect, prior to the filing of the information, to keep him from earning income, but voluntarily lived with his parents and attended school. Any impairment of appellant's financial ability to support his child born during wedlock was the result of his election to go to school rather than to work. Such would not constitute a defense to a charge of this nature, especially in view of the fact that appellant apparently was able to secure work when he tried, and we have concluded that the court did not err in refusing the charge.

Finding no reversible error, the judgment is affirmed.