Telesforo DE LA GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 36939.

Court of Criminal Appeals of Texas.

May 20, 1964.

Rehearing Denied June 27, 1964.

Longoria & Evins, Edinburg, for appellant.

R. L. Lattimore, Dist. Atty., Oscar B. McInnis, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of marihuana, the punishment, two years.

Appellant's written confession made to Beatrice Rodriguez recites that he left his home in Edinburg on the day in question in company with Velasquez, Corpus, Cardona, Uribe and Humberto Garza in Velasquez' automobile headed for a dance at Pharr, that enroute they stopped on the side of the road and that either Corpus, Humberto Garza or Uribe, who were seated in the back seat, handed him a marihuana cigarette. It continues, "I guess that two or three marihuana cigarettes were lighted while we were there parked, all of us smoked the cigarettes, passing them around, we smoked two or three cigarettes, they were marihuana cigarettes", and that he knew that they were marihuana because he had smoked it before. The confession further recites that following the dance the same automobile occupied by the same persons, who were then on their way home, plus Oscar Mares, who was shown to be a juvenile, was stop-

ped by the police, and its occupants were searched, but that the officers found no marihuana about appellant's person.

Police officers of the city of Pharr testified that they stopped the automobile as it left the dance because "the driver couldn't control the car straight", and as Velasquez, who was the driver, got out they observed him attempt to place a cigarette box under the front seat. The box was shown to contain some marihuana, but predominantly marihuana seeds, and some gummed cigarette papers. A few leaves and stems of marihuana and particles and seeds thereof were recovered from the clothing of two of the occupants of the automobile, but none from appellant.

On cross examination, appellant admitted that he remembered that the confession which he had made to Beatrice Rodriguez, the secretary to the Probation Officer, contained the recitation that all the occupants of the automobile had smoked the two or three marihuana cigarettes while they were parked and that he had signed the same, but that such was not true, and, in fact, he had only taken one puff off one cigarette and handed it back when he discovered that it contained marihuana.

Appellant's principal contention on appeal is that the court erred in refusing to require the State to elect whether they would rely for conviction upon the smoking incident covered in appellant's confession or the incident which occurred when the officers made the arrest. We are not impressed with the seriousness of this contention because it would appear that both incidents were part of the same entire transaction in which appellant acted as a principal throughout. The same automobile, six of the same occupants and the same evening and venture were involved.

■ The real question as we see it, is whether or not the possession of marihuana by Velasquez and the other two occupants of the automobile at the time of their arrest constituted sufficient corroboration of appellant's confession. Particles of marihuana were found on the person of Corpus and Humberto Garza at the time of their arrest, and, according to appellant's confession, they were seated in the rear seat of the automobile at the time someone from the rear handed him a marihuana cigarette. This, together with the other facts and circumstances in the case, we have concluded constituted sufficient corroboration of appellant's confession that he possessed the marihuana which he consumed by smoking, and that he was a principal to the entire transaction which terminated with the finding of the remnants of the makings of marihuana cigarettes in the possession of his companions. See Kincaid v. State, 131 Tex.Cr.R. 101, 97 S.W.2d 175, Williams v. State, 156 Tex.Cr.R. 636, 245 S.W.2d 709, and Fancher v. State, 167 Tex.Cr.R. 269, 319 S.W.2d 707.

■ Clearly the court did not err in admitting the marihuana taken from the automobile and from the person of appellant's companions.

■ No written objection to the charge or requested charges appears in the record, as required by the holdings of this Court in Gonzalez v. State, 164 Tex.Cr.R. 64, 297 S.W.2d 144, Cedillo v. State, 165 Tex.Cr.R. 371, 307 S.W.2d 267, and Gant v. State, 168 Tex.Cr.R. 448, 328 S.W.2d 768, nor do we find any ruling of the court on the oral objections made. Hence, no reversible error is reflected. Cox v. State, Tex.Cr.App., 368 S.W.2d 600.

■ Finding the evidence sufficient to support the conviction and no reversible error, the judgment is affirmed.

WOODLEY, Presiding Judge (dissenting).

The state's evidence shows that marihuana was found in an automobile driven by one Velasquez shortly after midnight. The appellant was a back seat passenger in

the car and he and his companions had just left a dance.

The state introduced in evidence the voluntary statement of the appellant in which he confessed to having smoked a marihuana cigarette on the way to the dance some four hours earlier.

The court's charge authorized conviction of the appellant as a principal in the unlawful possession of the marihuana found in the car.

I can not agree to the affirmance of the conviction for the temporary possession of the marihuana consumed by the appellant. Aside from his confession there is no evidence that any marihuana was smoked or consumed, and the confession shows only the possession incident to smoking marihuana handed to him by another occupant of the car.

I would also direct attention to the rule that an election is required if the circumstances are such that a conviction of the defendant can be had for an act of his own or for an act of another to which he was a principal. See 42 Tex.Jur. p. 160, Sec. 119.