Silverio MENDOZA, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 40099.

Court of Criminal Appeals of Texas.

Feb. 15, 1967.

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Dist. Atty., Brownsville, Joel William Ellis, Asst. Dist. Atty., Harlingen, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary of a private residence at night; the punishment, five years.

The sole question presented by briefs filed in the trial court was the exercise of discretion by the trial court in refusing to hear evidence on appellant's motion for new trial. Appellant was represented by the same counsel of his own choosing both in the trial and on appeal. Trial before a jury concluded on April 1, 1966, when appellant elected to have the court assess his punishment, but appellant availed himself of the ten day period in which to file motion for new trial before being sentenced. After the expiration of the ten days allowed by Article 40.05, Vernon's Ann.C.C.P., on April 15, appellant and his

counsel appeared before the court. At this time the court inquired of appellant if he had any grounds for a motion for new trial, or a motion in arrest of judgment, and appellant replied in the negative, and sentence was pronounced.

Thereafter on April 18, appellant's attorney filed a motion for new trial, and attached thereto allegations in support of his reason for the late filing. On May 4, a hearing was had, and the court heard testimony relative to the good cause for late filing at which time appellant's counsel tendered three affidavits of jurors which he asserts show jury misconduct. The dates on the affidavits are significant. The one from juror Rice is dated April 7, (the day appellant's counsel states he was employed to appeal appellant's conviction) and the one from juror Fuqua is dated April 13. Appellant's counsel admits that he had these affidavits in his possession at the time he appeared with appellant before the court for sentencing on April 15. The affidavit of juror Edwards is dated April 16.

We have examined these affidavits and have concluded that the Edwards affidavit is merely cumulative of the ones given by jurors Rice and Fuqua. No explanation is made by appellant's counsel for remaining silent at the April 15th sentencing, except that one of his secretaries was pregnant and came to work only a part of the time, that he had received only a small fee from appellant and was extremely preoccupied with a busy law practice, and that he wanted to bolster the two affidavits which he had by securing others. Appellant's counsel admitted that he was aware of the contents of the affidavits, but that he made no oral or written motion for extension of time for filing a motion for new trial at the time of sentencing.

Under the facts set forth above we have concluded that the trial court did not abuse his discretion in refusing to entertain appellant's motion for new trial which was filed without leave of the court after the time provided by Article 40.05, V.A.C.C.P. had expired. Bryan v. State, Tex.Cr.App., 406 S.W.2d 210, and Gibson v. State, 172 Tex.Cr.R. 435, 357 S.W.2d 569.

The judgment is affirmed.