**Ovle John STEWARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40898.**

Court of Criminal Appeals of Texas.

Jan. 10, 1968.

George C. Thompson, Jr., Fort Worth, (Court appointed), for appellant.

Frank Coffey, Dist. Atty., Grady Hight and Glenn Goodnight, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Robbery by Assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

On May 3, 1966, the appellant committed the robbery of a drive-in grocery and market in Arlington, Texas. At pistol point he caused the owner and an employee of the store to empty the money from two cash registers into a paper sack. A traffic patrolman, alerted by a passer-by, entered the store during the robbery unobserved by the appellant. As the appellant was leaving the store the officer called to him to stop. The appellant then turned and fired at the officer. The officer returned the fire and struck the appellant with a bullet in his right forearm. The appellant was captured shortly thereafter in a nearby alley.

The indictment charged the capital offense of Robbery by Assault with Firearms in the first count. The very same offense was alleged as Robbery by Assault (a non-capital felony) in the second count, and the third paragraph alleged a prior

conviction of robbery for the purpose of enhancement.

■ Initially, the appellant attacks the indictment. Although no motion to quash was filed prior to trial, appellant contends the trial court erred in failing to sustain his "motion to strike" the third "count"[1] of the indictment alleging the prior conviction for enhancement filed (May 12, 1967) long after notice of appeal. Trial commenced on October 24, 1966, and sentence was pronounced and notice of appeal was given on December 19, 1966. Clearly the motion was untimely filed. Bond v. State, 171 Tex.Cr.R. 119, 345 S.W.2d 520; Merrel v. State, Tex.Cr.App., 374 S.W.2d 240; Valadez v. State, Tex. Cr.App., 408 S.W.2d 109; Wilson v. State, Tex.Cr.App., 398 S.W.2d 291. In view of his claim of fundamental error we shall, however, discuss the same. Appellant urges that the third paragraph makes no reference to said indictment and the said indictment does not make the piece of paper (third paragraph) a part thereof by reference or otherwise. We reject such contention for it appears from a photostatic reproduction of the indictment in the record on appeal that the third paragraph is securely attached by scotch tape to the rest of the indictment forming an integral part thereof and refers to the appellant by name. There is no showing that the indictment was not returned in this manner by the grand jury. See Jenkins v. State, 64 Tex.Cr.R. 86, 141 S.W. 222 (an indictment pasted together).

■ He further claims that the indictment is fundamentally defective as it reflects that only the first count thereof is signed by the grand jury foreman. Even if true, the same would not constitute reversible error. Ex parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777.[2]

In Ex parte King, supra, it was held that the signature of the foreman of the grand jury not being essential to the validity of the indictment the fact that one count thereof was signed and not the others would be immaterial.

■ It appears that a printed one-page form with appropriate blanks was used to allege the capital offense contained in the first count. At the proper juncture in the printed form the second count and third paragraph, also on printed forms, were scotch taped thereto elongating the first page of the indictment. A second page contains a proper conclusion for the entire indictment, and a bob-tailed third page contains the signature of the grand jury foreman. The third page, prior to the changes in forms above mentioned, was apparently a part of the printed form for alleging the capital offense of robbery by assault with firearms found on the first page of the indictment. It clearly appears that the entire indictment was signed by the grand jury foreman. Further, no objection as to the form was made prior to or during the trial. We perceive no error. See Jenkins v. State, supra; Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362. We do observe,

1. Allegations as to prior convictions do not constitute "counts" in the indictment. Square v. State, 145 Tex.Cr.R. 219, 167 S.W.2d 192; Beck v. State, Tex.Cr.App., 420 S.W.2d 725. Even the United States Supreme Court has erroneously referred to such allegations as "counts." See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (Nov. 13, 1967).

2. It is further noted that in Ex parte Landers, Tex.Cr.App., 366 S.W.2d 567, this Court said:
   "We note further that although Art. 396 C.C.P. relating to Requisites of an indictment provides, in Section 9, 'It shall be signed officially by the foreman of the grand jury,' such signature is not essential to the validity of the indictment. Ex parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777, and other cases cited under Art. 396, Note 21, Vernon's Ann.C.C.P." See also 1 Branch's Anno.P.C., 2d Ed., Sec. 533, p. 511; 30 Tex.Jur.2d, Indictment and Information, Sec. 17, p. 560; 21A Texas Digest, Indictment and Information, 33(3) p. 33. Observe that Article 396 is now Article 21.02, Vernon's Ann.C.C.P., 1965.

however, that in the time it took to "construct" this indictment from various printed forms with all the necessary copies, a much more acceptable form could have been typed or devised.

■ In his next ground of error appellant complains that though the State had filed its 15 day written notice to seek the death penalty in connection with the first count of the indictment as provided by Article 1.14, V.A.C.C.P., the prosecutor on the day of the trial announced on appellant's plea of not guilty that he would withdraw the death penalty notice, waive and abandon the first count of the indictment and that he would proceed on the second count and the third paragraph of the indictment. Such action, appellant contends, deprived him of reasonable notice and caught him by surprise as he had prepared to defend against the capital offense. We find no motion for continuance in the record or any evidence to support appellant's contention assigned as a ground of error on appeal. We know of no requirement that the State must give written or reasonable notice of its intention to waive and abandon a count in the indictment alleging a capital offense under the circumstances here described. Even where the defendant in a capital case has waived trial by jury and entered a plea of guilty before the court following the waiver in writing by the State of the death penalty, we find no statutory time limitation required between such waiver of the death penalty and the trial. See Article 1.14, supra.

■ In his fourth ground of error appellant contends that his conviction under the provisions of Article 62, V.A.P.C. cannot be sustained because there was no evidence introduced to show the prior conviction alleged. It is claimed that the stipulation entered into between the State's attorney, the appellant in person and his counsel to the effect that the appellant was

so previously convicted as alleged is insufficient because it made no reference to the identity of the person who would have so testified. We cannot agree that a personal stipulation by a defendant in a criminal case that he is the same person who was previously convicted is invalid for the failure to refer to the particular name of some witness who would so testify. Who would know better than the defendant himself whether he had been so previously convicted? Certainly if the stipulation does depend upon the testimony of some person other than the defendant it would be proper that the stipulation reveal the identity of such person as well as a waiver by the defendant of the appearance, confrontation and cross-examination of such person as a witness.

While the case at bar involved a plea of not guilty before a jury and the stipulation was therefore not governed by Article 1.15, V.A.C.C.P., we observe that nevertheless the appellant entered a written agreement to stipulate, waiving the appearance, confrontation and cross-examination of witnesses (without identity) against him as to proof of the prior conviction.

■ Appellant's fourth ground of error is overruled. The stipulation entered was sufficient to relieve the State of the necessity of further proof to sustain the allegation that he had been previously convicted as alleged of an offense of like character. Wiles v. State, Tex.Cr.App., 397 S.W.2d 865.

A number of appellant's grounds of error and bills of exception relate to appellant's court appointed counsel. They shall be considered together.

The record reflects that on September 16, 1966, Hon. Tim C. Curry was appointed to represent the indigent appellant and a formal order was entered. On October 24, 1966, date of the trial, Hon. Al F. Curry, III, appeared as appellant's

counsel and the record refers to him as court appointed. The record does not reflect when such counsel was appointed, nor when the other counsel was allowed to withdraw, if he was. The record does show, however, that the two attorneys are brothers and practice law together. On the morning the trial began the appellant filed his own handwritten motion to dismiss his counsel without reference to counsel's name, but it was obviously directed to counsel then present in court. Appellant presented such motion to the court personally. When the court determined that the main thrust of the motion was an effort of the appellant, who was in custody, to get a hair cut and different clothes, the motion was overruled, and the trial was postponed until 2 p. m. to give the appellant an opportunity to make himself more presentable. No claim was made to the trial court that he had appointed one attorney and another had appeared. The court's attention was not directed to the lack of any order appointing Hon. Al Curry, III, no effort was made to show date of counsel's appointment, no motion for continuance was filed and no request for additional time was made. Both appellant and his counsel announced ready for trial.

■ In his motion for new trial appellant alleged that he and his court appointed counsel did not sign the ten day written waiver required by Article 26.04(b), when the trial is had within ten days of counsel's appointment. Said motion did not allege the date of such appointment. The motion was filed on October 26, 1966, was never amended, and was overruled by the court after a hearing on December 19, 1966. The motion for new trial was overruled by operation of law, prior to such hearing, when not acted upon during the 20 days allowed by Article 40.05, V.A.C.C.P. (former Article 755); Newhall v. State, Tex. Cr.App., 404 S.W.2d 592; Smith v. State, 166 Tex.Cr.R. 574, 316 S.W.2d 750; Mahan v. State, 163 Tex.Cr.R. 36, 288 S.W.2d 508.

■ If evidence was heard with reference to said motion as indicated by the order overruling the same, it was not brought forward in the record on appeal. In absence of such evidence the action of the trial court in overruling the motion for new trial, even if not overruled by operation of law, is not before this Court for review.

■ There can be no question that a showing on direct appeal of a failure to comply with the mandatory provisions of Article 26.04, supra, would call for reversal. Farmer v. State, Tex.Cr.App., 419 S.W.2d 382; Bennett v. State, Tex.Cr.App., 382 S.W.2d 930; Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775. Cf. Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666 (a different rule prevails in a collateral attack on an otherwise valid conviction in the absence of a showing of injury).

■ If, on the other hand, counsel's appointment has been more than ten days prior to trial, Article 26.04, supra, has no application. Lamar v. State, Tex.Cr.App., 415 S.W.2d 926.

■ In absence of a showing of the date of trial counsel's appointment, we would not be inclined to reverse under the circumstances here presented.

■ While recognizing that in most cases trial counsel is best qualified to handle the appeal, we reject appellant's claim that he has been denied due process by having been furnished two different attorneys, one at the trial and another on appeal. Dyches v. State, Tex.Cr.App., 382 S.W.2d 928.

■ The trial judge must be given a wide discretion and latitude regarding the appointment of counsel on appeal as circumstances vary from case to case. There may be many valid reasons why

appointed trial counsel may be allowed to withdraw and other counsel appointed on appeal.

The record shows that the appellant was sentenced on December 19, 1966, with trial counsel present, and on December 29, 1966, at appellant's request counsel was appointed on appeal. The record is otherwise silent as to the reason the trial court saw fit to appoint a different counsel on appeal. In Dyches v. State, supra, it was held that a reversal will not follow because the appointment of appellate counsel was made after expiration of the time for filing a motion for new trial and bills of exception where the record failed to reflect any error during the trial.

In the case at bar, as noted above, trial counsel filed a motion for new trial. We cannot agree that the trial court abused its discretion in refusing to entertain a second motion for new trial presented (May 12, 1967) long after sentence and notice of appeal. See Barnett v. State, 163 Tex.Cr.R. 270, 290 S.W.2d 234; Rendon v. State, Tex.Cr.App., 397 S.W.2d 430; Mendoza v. State, Tex.Cr.App., 411 S.W.2d 546. This is true even though appellate counsel did not see a transcription of the court reporter's notes until April 3, 1967.

The trial court extended the time for filing bills of exception at appellant's request, and appellant was given full benefit of the procedure conducted in the trial court under the provisions of Article 40.09, V.A.C.C.P.

We appreciate the difficulty of appellate counsel in dealing with a record not of his own making. This is, of course, a difficulty common to all appellate counsel, employed or appointed, where they have not participated in the trial.

The record not reflecting error, appellant's grounds of error as to his right to counsel are overruled.

The judgment is affirmed.